IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

MATHEW SELOVER

    Plaintiff,

vs.                                  CASE NUMBER: 2020 CA 000077

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.
_____/

**PLAINTIFF'S FIRST
INTERROGATORIES TO DEFENDANT, RAYME EDLER**

    Plaintiff, MATTHEW SELOVER, by and through her undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.340, hereby propounds the following interrogatories to Defendant, RAYME EDLER, to be answered in writing and under oath within 45 days after service of same in accordance with the aforesaid rule and the instructions and definitions set forth herein:

**INSTRUCTIONS**

    A.    Pursuant to Florida Rule of Civil Procedure 1.280 and 1.340, you are requested to answer fully, and in good faith, in writing each of the following interrogatories under oath within thirty days of service.

    B.    In answering these interrogatories, please furnish all information in the possession of, or with due diligence within the knowledge of, the party to whom the interrogatory is addressed, his attorneys, officers, agents, employees, and investigators.

C.  If the person or entity to whom the interrogatory is addressed cannot answer an interrogatory fully after exercising due diligence to secure the information to do so, please state the answer to the best extent possible and specify your inability to answer the remainder, and state in full whatever information or knowledge the party has concerning the unanswered portion.

D.  Each interrogatory is considered continuing, and if the party answering it later obtains information which renders the answers, or any portion of them, incomplete or inaccurate, you are requested to serve promptly amended answers on the undersigned.

E.  If you answer an interrogatory with reference to records or documents, please identify the records from which the answer is derived in sufficient detail to permit their location, and state the full name and address of the custodian of those records.  If you will do so without service of a formal request for production, produce a true copy of each such record or document referred to.

F.  If there is not sufficient space provided to fully answer any interrogatory, continue your answer on a separate sheet of paper.

G.  Should the party to whom these interrogatories are addressed object to any interrogatory or portion of any interrogatory, the party is requested to state every ground relied upon in making objection, together with supporting legal authority showing that there is a good faith basis for the objection.

**DEFINITIONS**

A.  The term **"document"** refers to every writing, drawing, graph, chart, photograph, electronically recorded and stored material, digitally recorded and stored material, and other data compilations from which information may be obtained, translated, if necessary, by the party to whom the request is directed into reasonably usable form, including but not limited to notes,

Selover v. Escambia County Board of County Commissioners, et al
Plaintiff's First Interrogatories to Defendant, Rayme Edler

contracts, letters, memoranda, messages, logs, diaries, forms, card files, journals, ledgers, computer printouts, tapes, discs, computer-stored data, facsimile (fax) reproductions, reports, statistical compilations, computations, pictures, minutes, manuals, pamphlets, and books of every nature.

B.      The term **"writing"** as used in these interrogatories applies to all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, computerized, or otherwise stored, produced or reproduced.

C.      The term **"communication"** as used in these interrogatories refers to oral or written utterances and communications in words, pictures, signs, symbols, or data, whether transmitted in person, by telephone, by electronic means, modem, or any other manner.

D.      The term **"correspondence"** means the original or copy of any document or writing such as a letter, note, card, E-mail message, fax message, computerized network message, or other written communication which was sent by one person or entity to another.

E.      The term **"statement"** as used in these interrogatories refers to any communication reduced to a writing or record.

F.      The term **"identify"** as used in these interrogatories means to state with particularity details sufficient that the thing, person, or action referred to may be objectively known, perceived, verified and distinguished from all others.

G.      The term **"you"** as used in this production request refers to RAYME EDLER, including its agents, and representatives.

Selover v. Escambia County Board of County Commissioners, et al
Plaintiff's First Interrogatories to Defendant, Rayme Edler

## INTERROGATORIES

1. Identify by name and address, the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2. Identify by name, address, phone number, and title all individuals who are believed or known by YOU to have any knowledge concerning any of the facts, circumstances or issues giving rise to the subject action and as to each person, specify the subject matter about which the individual has knowledge.

3. Do you intend to call any expert witnesses at the trial in this case? If so, identify each witness; describe the witness's expert qualifications; state the subject matter on which the witness is expected to testify as an expert; state the substance, facts and opinions to which

the expert witness is expected to testify; and summarize the grounds for each expert opinion.

4. Identify by name, corporate title, home and business address and telephone, all individuals: (a) with knowledge of the facts alleged in Plaintiff's Complaint; or (b) with knowledge of the facts supporting each of your affirmative defenses.

5. State the name, address and telephone number of each person whom YOU expect to call as a non-expert witness at trial. For each such person, state the subject matter and substance of the facts to which the witness is expected to testify at trial.

6. Please state in detail all communications that you have had with the Plaintiff or about the Plaintiff concerning the issues involved in this lawsuit. For each communication, please state the date of said communication, the parties involved in said communication and summarize said communication.

7. State with specificity all facts and information upon which YOU relied for each affirmative defense in YOUR answer.

8. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

9. Describe in detail each instance in which you filed or reported a grievance against Plaintiff, including the date you filed or reported the grievance; the person(s) or entity your filed or reported the grievance to; the date of the conduct giving rise to the grievance; the procedures you followed when filing or reporting the grievance; the nature of the grievance; and the final disposition of the grievance.

10. Please identify all communications (including discussions, emails, correspondence, memorandum, etc.) that you had with any person, individual, or entity concerning whether Plaintiff should be permitted to work as a paramedic in the field.

11. Describe in detail the procedures you followed when (1) convening the QA/QI meeting described in the Complaint; and (2) you removed, or recommend removal, of Plaintiff from working in the field as a paramedic.

12. Identify the person(s), or entity responsible for (1) the decision to remove Plaintiff from his regular work as a paramedic in the field; and (2) requiring that Plaintiff complete a Performance Improvement Plan.

13. Describe in detail how you first became aware that Plaintiff filed a complaint against you with HR regarding the QA/QI, including in your answer when you first became aware, who notified you, and how you were notified, e.g., email, letter, discussion, etc.

Escambia County Board of County Commissioners

By: _____

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2020, by _____, who affirmed that he/she provided the answers to the foregoing Interrogatories and that said answers are true and correct to the best of his/her knowledge or belief. He/She is personally known to me or who has produced _____ as identification and did/did not take an oath.

_____
Notary Public
Printed Name:_____
Commission Number:_____
My Commission Expires:_____

Selover v. Escambia County Board of County Commissioners, et al
Plaintiff's First Interrogatories to Defendant, Rayme Edler