IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

MATHEW SELOVER

    Plaintiff,

vs.                                        CASE NUMBER: 2020 CA 000077

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.
_____/

**PLAINTIFF'S FIRST REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT, RAYME EDLER**

Plaintiff, MATHEW SELOVER (hereinafter "Plaintiff"), by and through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.350, request Defendant, Rayme Elder, (hereinafter "Defendant") to produce for his inspection and/or copying the following documents in accordance with the following instructions and definitions:

### INSTRUCTIONS

    A.    You are directed to separately identify and label the materials requested to correspond with the categories in the request.

    B.    Unless an original is specifically requested, in lieu thereof you may produce a true and correct copy in legible condition.

    C.    If objection is made to part of an item or category requested, you are directed to specify the part or category to which objection is made, state all grounds upon which the objection is made, and identify the legal basis for each objection.

### DEFINITIONS

A. The term **"document"** as used in this production request refers to every writing, drawing, graph, chart, photograph, electronically recorded and stored material, digitally recorded and stored material, and other data compilations from which information may be obtained, translated, if necessary, by the party to whom the request is directed into reasonably usable form, including but not limited to notes, contracts, letters, memoranda, messages, logs, diaries, forms, card files, journals, ledgers, computer printouts, tapes, discs, computer-stored data, facsimile (fax) reproductions, reports, statistical compilations, computations, pictures, minutes, manuals, pamphlets, and books of every nature.

B. Whenever photographs are requested or produced, you are directed to produce original prints made directly from negatives, and not photocopies of original prints.

C. The term **"writing"** as used in this production request applies to all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, computerized, or otherwise stored, produced or reproduced.

D. The term **"communication"** as used in this production request refers to oral or written utterances and communications in words, pictures, signs, symbols, or data, whether transmitted in person, by telephone, by electronic means, modem, or any other manner.

E. The term **"correspondence"** means the original or copy of any document or writing such as a letter, note card, E-mail message, fax message, computerized network message, or other written communication which was sent by one person or entity to another.

F. The term **"statement"** as used in this production request refers to any communication reduced to a writing or record.

G.      The term **"you"** as used in this production request refers to Defendant Rayme Edler, including its agents, and representatives.

## REQUESTS

1.      All documents described, mentioned, or referenced in your response to Plaintiff's interrogatories served contemporaneously herewith.

2.      All correspondence, written statements, notes of conversations, memoranda, and other documents concerning oral or written communications between you and Plaintiff.

3.      All documents reflecting the job performance of Plaintiff.

4.      All documents that explain the meaning of any codes, shorthand, untitled columns of data fields, or other data presentation conventions used in the documents that Defendant produced in this litigation.

5.      If you or your agents or employers have made a settlement, deal, agreement, or arrangement of any kind with a person or party of their attorney, including an insurance policy, concerning or that would apply to this case (including the resolution of any claim brought against you pursuant to the Fair Labor Standards Act), please produce a copy of such settlement, deal, agreement, or arrangement. This request includes, but is not limited to, an arrangement to indemnify another party or to pay any attorney's fees or expenses of any party, and also an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

6.      All correspondence or other communications whatsoever between you and the person(s) whom you may call as an expert witness.

Selover v. Escambia County Board of County Commissioners, et al
First Request to Produce to Defendant, Rayme Edler

7. All documents that have been made or prepared by an expert whom you may call to testify as a witness in this case.

8. All statements that were signed or recorded by parties and witnesses and all statements that were offered and refused signature by parties and witnesses.

9. All documents you reviewed concerning Plaintiff prior to your convening the QA/QI meeting described in the Complaint.

10. All reports, including draft reports, by you, your agents, representatives, or employees concerning Plaintiff.

11. All documents you submitted to the Florida Department of Health regarding Plaintiff.

12. All communications, including text messages and emails, between any of the participants of the QA/QI meeting referenced in the Complaint concerning the scheduling of the QA/QI meeting, the purpose of the QA/QI meeting, the topics to be discussed at the QA/QI meeting, the substance of the QA/QI meeting, or the results of the QA/QI meeting.

13. A copy of all correspondence, including emails, and text messages, between you, your agents, representatives, or employees, and any other person or entity, concerning the Performance Improvement Plan (PIP) recommended for Plaintiff.

14. All notes, meeting minutes, correspondence, memorandum, reports, or other similar documents created during, or as a result of the QA/QI meeting referenced in the Complaint.

15. A copy of all grievances, or complaints concerning Plaintiff's job performance with Escambia County.

16. All documents reflecting the job performance of Plaintiff.

17. All correspondence between you, your agents, representatives, or employees and the Florida Department of Health concerning Plaintiff.

18. A copy of all correspondence between you, your agents, representatives, or employees and Dr. Paul. R. Henning concerning Plaintiff.

19. A copy of all grievances or complaints concerning your job performance as the Escambia County Medical Director.

20. A copy of all Facebook messages, or posts between you and Plaintiff from the time you became Escambia County Medical Director through current.

21. A copy of all text messages between you and Plaintiff from the time you became Escambia County Medical Director through current.

22. A copy of all documents presented at the QA/QI meeting referenced in the Complaint.

DATED: March 3, 2020

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQUIRE
Florida Bar Number: 0154784
JEREMIAH J. TALBOTT, P.A.
900 East Moreno Street
Pensacola, FL 32503
(850) 437-9600 telephone

Selover v. Escambia County Board of County Commissioners, et al
First Request to Produce to Defendant, Rayme Edler

             civilfilings@talbottlawfirm.com
             *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I certify that a copy of this document served via U.S. Mail and electronic filing to the person listed below on March 3, 2020.

Stephanie Pidermann, Esquire
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
sp@lydeckerdiaz.com
kg@lydeckerdiaz.com
ksm@lydeckerdiaz.com

Rayme Edler
6575 North "W" Street
Pensacola, FL 32505

            */s/ Jeremiah J. Talbott*
            JEREMIAH J. TALBOTT, ESQUIRE