# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MATHEW SELOVER,

    Plaintiff,

vs.    Case No.: 3:20-cv-04698

ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.

_____/

## DEFENDANT EDLER'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT UNDER FED. R. CIV. P. 12 & 81 AND SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, Defendant Rayme Edler, M.D. (Dr. Edler), by and through her undersigned counsel, and pursuant to Rule 6(b)(1)(A), Federal Rules of Civil Procedure, and Local Rule 6.1, files this Motion for Extension of Time to File a Response to the Complaint filed by Plaintiff (Doc. 1-3) pursuant to Rules 12 and 81, Federal Rules of Civil Procedure.  Pursuant to Local Rule 7.1(E) and 7.2(B), Dr. Edler's Supporting Memorandum of Law is included herein.

## BACKGROUND FACTS

1. Plaintiff, Mathew Selover, filed a five (5) count Complaint in the Circuit Court in and for Escambia County, Florida, on January 17, 2020.

2. Plaintiff served Defendant Edler on February 11, 2020.

3. By agreement of Plaintiff's counsel and Defendant Edler's prior counsel (since substituted by the undersigned), the parties agreed to an extension of time to file an answer or responsive motion until March 23, 2020.

4. On February 27, 2020, Defendant Edler, jointly with Defendant Escambia County Board of County Commissioners ("ECBCC"), through prior counsel, filed a Motion for Enlargement of Time to Respond to Plaintiff's Complaint in the state court seeking the agreed upon relief.  (Doc. 1-11.)

5. The case was removed to Federal Court by Dr. Edler on March 11, 2020.  (Doc. 2.)

6. When the case was removed to the Federal Court on March 11, 2020, the Motion for Enlargement of Time was also removed to the Federal Court. (Doc. 1-11.)

7. At the time of removal, the Motion for Extension of Time was still pending and the parties did not intend for removal, or Fed. R. Civ. P. 81, to modify the date for an answer or responsive motion to be filed.

8. Pursuant to Local Rule 7.2(B), for a motion that was pending in state court at the time, the deadline for such motions and memoranda to be filed is fourteen (14) days after removal, making Dr. Edler's supporting memorandum in Federal Court due on March 25, 2020.

## GROUNDS FOR EXTENSION OF TIME

9. Due to the COVID-19 global pandemic, the undersigned's law practice has been forced to radically alter the way it conducts its business and operations to coincide with the various shelter-in-place orders, social distancing mandates, and self-isolation/quarantine directives instituted by national, local, and state governments.

10. This law firm, which represents Dr. Edler through undersigned counsel, is a small law firm with only six (6) attorneys (two of them very junior) and its main office in the Orlando, Florida, area. It has been struggling with transitioning attorneys and staff to work from home, which required changes to its network infrastructure, purchase and standing up of new equipment in employees' homes, ordering extra equipment and supplies to support them, and other actions in order to allow remote access to the firm's secure servers and encrypted data storage drives.

11. These required changes have, at least temporarily, slowed the firm's

workflow necessitating additional time to prepare such a crucial response as the one at issue in this Motion.

12. To further complicate matters, Defendant Dr. Edler is an emergency medicine specialist who is the Medical Director of Escambia County, the Medical Director for the Escambia County Jail, and the Medical Director for Escambia County Emergency Medical Services.

13. In addition to her county duties, Dr. Edler works in the Emergency Department of Baptist Hospital, Pensacola, working a number of extra shifts each month. Recently she has been overwhelmed with additional work for both the county and her hospital.

14. She has been largely involuntarily unavailable to communicate with her undersigned attorney because of the demands being placed on her time.

15. The information needed to provide knowledgeable responses to the Complaint requires a high level of client communication and coordination, which has been impossible to achieve due to the COVID-19 outbreak.

16. In order to provide complete responses to the Complaint, based on the facts, and well-researched legal analysis of those facts, Defendant Edler requests the Court permit her an additional thirty (30) days to respond to the Complaint, which would make such filing due on or before April 24, 2020.

## **MEMORANDUM OF LAW**

Defendant Edler requests a thirty (30) day extension of time to file a response to the Complaint.  Defendant Edler makes this request for an extension of time in good faith and, pursuant to Rule 6(b)(1)(A), Federal Rules of Civil Procedure, undersigned counsel certifies it is not made for any improper purpose including any improper delay.

Rule 6(b), Federal Rules of Civil Procedure, states in relevant part:

> (b)  EXTENDING TIME.
>
> (1)  In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A)  with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> (B)  on motion made after the time has expired if the party failed to act because of excusable neglect.

The Court has broad discretion in granting such motions for continuance or extension of time.  *Glover v. City of Pensacola*, 372 Fed. Appx. 952, 955-56 (N.D. Fla. Apr. 14, 2010); *Dugas v. 3M Co.*, 2015 U.S. Dist. LEXIS 83548, *5 (M.D. Fla. June 26, 2015) (harm to a party should be avoided when there is no

commensurate gain to anyone else or society). The Court's ability to manage its docket and extend deadlines is broad and not unique to the Eleventh Circuit. In *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360 (5th Cir. 1995), the Fifth Circuit Court of Appeals affirmed the district court's granting an enlargement of time stating:

> Appellant's final argument warrants little discussion. Appellant asserts that the district court abused its discretion by 1) accepting Appellee's motion for summary judgment out of time, and 2) denying Appellant's motion for enlargement of time to respond. Under Fed.R.Civ.P. 6(b), the district court is granted broad discretion to expand filing deadlines. *See, e.g.*, *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583 (1st Cir.1994); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733, 734 (5th Cir. 1967).

*Hetzel*, 50 F.3d 367.

The Court has inherent authority to grant an extension of time to act upon its own orders. In the present case, given the early stage of litigation, the apparent lack of dispute among the parties for the relief requested, and the unprecedented societal disruption caused by a global pandemic, the Court should grant the request for an abatement or extension of time for the full time requested.

## RELIEF REQUESTED

Defendant Dr. Edler respectfully requests this Court enter an Order granting her a thirty (30) day enlargement of time to file and serve her response to the Complaint, making such filing due on or before April 24, 2020.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certifies that a good faith conference with counsel for Plaintiff Selover was attempted on March 23, 2020, by e-mail and telephone. Lance O. Leider, Esquire, an attorney with The Health Law Firm, contacted the attorney for Plaintiff Selover, J.J. Talbott, Esquire, several times by telephone and e-mail on March 23, 2020, finally speaking with him near close of business this date. Mr. Talbott stated that he had no objection to the same relief sought by Co-Defendant ECBCC (a seven (7) day extension of time. Therefore, Mr. Talbott, counsel for Plaintiff, opposes this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served a copy of the foregoing by filing it with the Clerk of Court via the CM/ECF System, which automatically serves a copy on all parties who have appeared in this matter, on this 23rd day of March 2020.

## RELIEF REQUESTED

Defendant Dr. Edler respectfully requests this Court enter an Order granting her a thirty (30) day enlargement of time to file and serve her response to the Complaint, making such filing due on or before April 24, 2020.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certifies that a good faith conference with counsel for Plaintiff Selover was attempted on March 23, 2020, by e-mail and telephone. Lance O. Leider, Esquire, an attorney with The Health Law Firm, contacted the attorney for Plaintiff Selover, J.J. Talbott, Esquire, several times by telephone and e-mail on March 23, 2020, finally speaking with him near close of business this date. Mr. Talbott stated that he had no objection to the same relief sought by Co-Defendant ECBCC (a seven (7) day extension of time. Therefore, Mr. Talbott, counsel for Plaintiff, opposes this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served a copy of the foregoing by filing it with the Clerk of Court via the CM/ECF System, which automatically serves a copy on all parties who have appeared in this matter, on this 23rd day of March 2020.

/s/ George F. Indest III
_____

**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
Primary e-mail:  GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**ATTORNEY FOR DEFENDANT,**
**RAYME EDLER, M.D.**

GFI/LOL/pa
S:\2500-2599\2531\002\410-Pleadings-Drafts & Finals-Fed\Motion-Ext to File Response-Final.wpd