UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATHEW SELOVER,

    Plaintiff,

vs.                                              Case No.: 3:20-cv-04698

ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.
_____/

## DEFENDANT EDLER'S MOTION TO STAY DISCOVERY PENDING DECISION ON QUALIFIED IMMUNITY DEFENSE

COMES NOW Defendant Rayme Edler, M.D. ("Dr. Edler"), through her undersigned counsel, who appears herein solely for this limited purpose, and files this Motion to Stay Discovery Pending Decision on Qualified Immunity Defense and states:

    1.    Plaintiff, Mathew Selover, filed a five (5) count Complaint in the Circuit Court in and for Escambia County, Florida, on January 17, 2020.

    2.    Plaintiff served Defendant Edler on February 11, 2020.

3.	The case was removed to Federal Court by Dr. Edler on March 11, 2020.

4.	On Friday, March 13, 2020, Plaintiff Selover filed and served written discovery on Dr. Edler, including Requests for Production of Documents and Interrogatories.

5.	Pursuant to Rules 33 & 34, Fed. R. Civ. P., Dr. Edler must respond to such discovery within thirty (30) days, making her responses due on or before April 13, 2020.

6.	Additionally, Plaintiff's counsel is pressing for dates to conduct a Rule 26(f) conference to discuss discovery deadlines and set a time for submission of Rule 26(a)(1) disclosures.

7.	Dr. Edler's position in this case is that she is a municipal employee acting in the course and scope of her duties as Escambia County Medical Director. As such, she is entitled to qualified immunity for her actions. Dr. Edler has a Motion to Dismiss in process which will be filed in response to the Complaint by the Court's April 13, 2020, deadline.

8.	As will be discussed in the memorandum below, qualified immunity is not just immunity from liability, but immunity from suit and all the trappings of litigation, including discovery.

9. Dr. Edler believes that all discovery, including the pending RFPs, Interrogatories, and Rule 26 conferences and disclosures are currently premature and should be stayed until the Court determines she is not entitled to qualified immunity.

10. Furthermore, undesigned counsel will be filing a motion to withdraw or substitute as counsel for Defendant Dr. Edler, in the immediate future and will be requesting an extension of time for new counsel to become familiar with the case.

WHEREFORE, Dr. Edler respectfully requests the Court enter an order staying all discovery until the Court rules on Dr. Edler's impending Motion to Dismiss and the claims of qualified immunity therein.

## MEMORANDUM OF LAW

Dr. Edler is the Escambia County, Florida, Medical Director. She is alleged to have violated Plaintiff's constitution rights in the execution of her duties as Medical Director. Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Procunier v. Navarette*, 434 U.S. 555, 565 (1978); *Wood v. Strickland*, 420 U.S. 308, 322 (1975).

In applying and resolving a case against that objective standard, Courts and litigants, at least initially, do not need to be bogged down in the discovery process. While it is true that foreclosing discovery and applying immunity may have the undesired effect of chilling actions against abuses of public authority, however, it cannot be disputed seriously that claims frequently run against the innocent as well as the guilty . . . ." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). The cost of those claims against the innocent are borne not only by the defendant officials, like Dr. Edler, but to society as a whole. *Id.* The social costs include the expenses of litigation, the sapping of official energy and scarce resources from immediate public issues, and the deterrence of qualified and willing citizens from accepting appointments to public office.

Perhaps most important among the costs of widespread and easy litigation against public officials is the danger that the fear of being sued will "dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties." *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), cert. denied, 339 U.S. 949 (1950).

In the Eleventh Circuit, then, qualified immunity exists not only to make officials immune from damages/liability, but also to protect from the hassle of litigation and all of its trappings.  To protect officials from the burdens of litigation

in cases where they may be justifiably immune from suit, courts should not allow discovery until that threshold question is resolved. *Harlow*, 457 U.S., 818.

The court must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings. *Mitchell v. Forsyth*, 472 U.S. 511 (1985). "Judicial precedent makes clear that the driving force behind creation of the qualified immunity doctrine is a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In giving effect to this policy, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)(per curiam).

Based on the preceding, Dr. Edler respectfully requests the Court enter an order staying discovery until the qualified immunity issue presented in the forthcoming Motion to Dismiss is resolved.

### CERTIFICATE OF GOOD FAITH CONFERENCE

The udnersigned hereby certifies an attorney from the undersigned law firm contacted J.J. Talbott, Esquire, counsel for Plaintiff Selover on April 6, 2020, who stated that he did oppose the relief requested herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served a copy of the foregoing by filing it with the Clerk of Court via the CM/ECF System, which automatically serves a copy on all parties who have appeared in this matter; on this __7th__ day of April, 2020.

/s/ George F. Indest III
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
**ATTORNEY FOR DEFENDANT,
RAYME EDLER, M.D.**

GFI/LOL/pa
S:\2500-2599\2531\002\410-Pleadings-Drafts & Finals-Fed\Motion to Stay Discovery-1rev.wpd