UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATHEW SELOVER,

    Plaintiff,

vs.                                          Case No.: 3:20-cv-04698

ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.
_____/

## THE HEALTH LAW FIRM'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT RAYME EDLER, M.D.

**COMES NOW** George F. Indest III, Esquire, and The Health Law Firm, undersigned counsel for Defendant Rayme Edler, M.D., and files this Motion to Withdraw as Counsel for Defendant, and as grounds for such Motion states:

1.    Undersigned counsel and firm have been representing Defendant Dr. Edler in other litigation involving the facts and issues associated with this case since approximately May 2019, in the Florida Circuit Court for Escambia County. When Dr. Edler first found out about a possible suit against her by Plaintiff Matthew Selover in January 2020, she requested that undersigned counsel defend her in this new case, too.

2.      In early February 2020, undersigned counsel was contacted by Claims Analyst Camilla Conlon of Chubb Insurance Group. Ms. Conlon advised the undersigned that Chubb Insurance had the insurance coverage for both Defendant Escambia County Board of County Commissioners ("Escambia County") and Defendant Rayme Edler, M.D., in this litigation. Ms. Conlon requested that the undersigned appear in this litigation and represent Defendant Dr. Edler, as there was a potential for a conflict of interest between Escambia County and her. She advised that Chubb would cover the legal fees and costs involved. At that time the case was still pending in the Florida State Circuit Court for Escambia County. The undersigned agreed.

3.      Undersigned counsel for Defendant Dr. Edler appeared in the state court action and later filed a Notice of Removal to this Court (Doc. 2).

4.      Undersigned filed a motion for an extension to reply to the original Complaint in this matter, based on Dr. Edler's unavailability and work disruptions being incurred by the undersigned firm attributable to the COVID-19 pandemic (Doc. 6).

5.      Dr. Edler is the Medical Director for Escambia County, The Medical Director for the Escambia County Jail and the Medical Director of Emergency Medical Services for Escambia County. Additionally, she is board certified in

emergency medicine and ordinarily spends her weekends working in the Emergency Department of Baptist Hospital Pensacola. She has been largely unavailable and unable to communicate with the undersigned since the present pandemic started.

6. The Court granted the motion for extension of time to respond (Doc. 7).

7. Undersigned counsel and his firm began actively and intensively working on a Motion to Dismiss and other responses to the Complaint that had been filed (which undersigned believed would be dispositive of the case against Dr. Edler), as well as the discovery that had been served by Plaintiff. Undersigned has also expended numerous hours coordinating and planning Dr. Edler's defense with counsel for Escambia County.

8. On April 2 undersigned counsel was contacted again by Ms. Camilla Conlon, Claims Analyst for Chubb Insurance. Ms. Conlon advised that Escambia County had a very large retention (or "deductible") under its policy with Chubb and "they have decided to go another way with legal counsel for Dr. Edler" (or words to that effect). Ms. Conlon advised that undersigned counsel should do no more work on the case as a different attorney would be taking over the defense of Dr. Edler in this case. Ms. Conlon stated that she was aware that Dr. Edler had incurred legal fees and expenses with the undersigned law firm in its initial representation of her, for which they were liable and would pay.

9. When asked by undersigned counsel to whom the firm's bills for the work to date should be submitted for payment, Ms. Conlon stated that Escambia County was actually responsible for paying these and that the firm's bills should be sent straight to the Risk Manager for Escambia County (naming him by name) and Escambia County would pay them.

10. Since April 2, 2020, undersigned counsel has sent numerous e-mails and letters to Defendant Dr. Edler advising her of these matters and requesting her permission to withdraw from representing her further in this case. Additionally, undersigned counsel has been working with Dr. Edler's local counsel in Pensacola, and he also had sent her numerous text messages and made numerous telephone calls to her. None of the foregoing were being answered up until April 6, 2020.

11. On April 6, 2020, Dr. Edler sent a brief text to undersigned counsel and her local counsel indicating that she was being overwhelmed in treating COVID-19 pandemic victims in Escambia County and did not have time for anything else. She also indicated that the Risk Manager for Escambia County had contacted her and assured her that her legal bills for this case would be paid by Escambia County and that it was obtaining a new attorney to represent her in this litigation.

12. On April 6, 2020, undersigned counsel forwarded its final bills in this matter (through April 2, 2020) for this case directly to the Risk Manager of Escambia

County for payment, via overnight delivery.

13. On April 6, 2020, undersigned counsel e-mailed Dr. Edler a consent to withdraw from this case for her to sign. Exhibit 1.

14. Dr. Edler indicated through local counsel that she had no way to sign and return the document. Instead, on April 7, 2020, she responded by e-mail stating "You have my consent to withdraw." Exhibit 1.

15. Accordingly, undersigned counsel hereby moves the Court to enter an Order allowing George F. Indest III, Esquire, and The Health Law Firm to withdraw from any further representation of Dr. Edler in this case and having no further responsibilities in it.

16. Undersigned has a retaining lien on all documents and file in its possession, notice of which has been separately filed with the Court.

17. The instant Motion has been filed at the early stages of Defendant's case, and withdrawal can be accomplished without any material adverse effect on the interests of Defendant.

18. Until new counsel appears for Dr. Edler and is authorized by the Court to represent her, all future pleadings and papers should be served upon Defendant at her office address which is:

Rayme M. Edler, M.D.
Escambia County Medical Director
6575 North W Street
Pensacola, Florida 32505
Office: (850) 471-6416
E-mail: rmedler@myescambia.com

**WHEREFORE,** George F. Indest III, Esquire, and The Health Law Firm, counsel for Defendant Rayme Edler, M.D., respectfully request this Court enter an Order allowing undersigned them to withdraw from further representation of Defendant Dr. Edler in this case and to have no further responsibilities in it.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have filed this document electronically with the Clerk of Court via the CM/ECF System, which automatically serves all counsel of record, and via e-mail to Defendant Dr. Edler at rmedler@myescambia.com and via U.S. mail, postage prepaid, to Rayme M. Edler, M.D., Escambia County Medical Director, 6575 North W Street, Pensacola, Florida 32505, this 9th day of April 2020.

/s/ George F. Indest
_____
**GEORGE F. INDEST III, J.D., M.P.A., LL.M.**
Florida Bar No.: 382426
Primary e-mail: GIndest@TheHealthLawFirm.com
Secondary e-mail: CourtFilings@TheHealthLawFirm.com
TRIAL COUNSEL/LEAD ATTORNEY
ATTORNEY TO BE NOTICED
**THE HEALTH LAW FIRM**

1101 Douglas Avenue, Suite 1000
Altamonte Springs, Florida 32714
Telephone: (407) 331-6620
Telefax: (407) 331-3030
**ATTORNEY FOR PLAINTIFF
RAYME M. EDLER, M.D.**

Exhibit 1     E-mail from Rayme Edler, M.D., to George F. Indest III, consenting to withdrawal as counsel, dated April 7, 2020 (w/prior e-mail of April 6, 2020)

GFI/pa
S:\2500-2599\2531\002\410-Pleadings-Drafts & Finals-Fed\Motion to Withdraw-FINAL.wpd