UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATHEW SELOVER

    Plaintiff,

vs.                                      CASE NUMBER: 3:20-CV-4698-TKW-HTC

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT EDLER'S MOTION TO STAY DISCOVERY

COMES NOW, the Plaintiff, MATHEW SELOVER, by and through the undersigned counsel, and hereby responds in opposition to Defendant Edler's Motion to Stay Discovery. In support of his opposition to Defendant Edler's Motion to Stay Discovery, the Plaintiff states as follows:

## INTRODUCTION

Plaintiff filed this case on or about January 17, 2020 in Escambia County Circuit Court against Defendants Escambia County Board of County Commissioners (the Board), and Rayme Edler (Edler) (collectively referred to as Defendants). The Complaint pleaded facts establishing that Edler, who is the Escambia County Medical Director, and the Board, violated Plaintiff's constitutional rights.

Specifically, Plaintiff was a paramedic employed by the Board, and worked under Edler. Defendants failed to provide due process to Plaintiff regarding adverse employment actions taken against him, and Defendants unlawfully retaliated against Plaintiff for raising concerns with Edler's job performance in violation of the First and Fourteenth Amendments to the U.S. Constitution.

Defendants subsequently removed the case to this Court. On or about April 7, 2020, Defendant Edler filed a Motion to Stay Discovery based on Defendant Edler's anticipated Motion to Dismiss which would argue that Edler is entitled to qualified immunity. In her Motion to Stay, Defendant Edler argues that if she is entitled to qualified immunity, then she is protected from suit, including discovery obligations, thus a stay is appropriate pending an outcome of the Court's decision on qualified immunity. Defendant Edler later filed a Motion to Dismiss arguing she is entitled to qualified immunity on or about April 13, 2020.[1] As argued below, the Court should DENY Defendant Edler's Motion to Stay Discovery because the Complaint pleaded sufficient factual detail to plausibly infer that Defendant Edler is not entitled to qualified immunity.

## **BACKGROUND FACTS**

At all times relevant, Plaintiff was employed by the Board as a paramedic;

---

[1] The Board has also filed a motion to dismiss. Plaintiff's response to said motion is due on April 23, 2020.

Plaintiff had a clearly established property right in his employment with the Board; and Plaintiff was entitled to due process regarding adverse employment actions taken against him. [ECF No. 1-3, ¶¶ 9-10]. At all times relevant, Defendant Edler was the Escambia County Medical Director, and oversaw Escambia County's paramedics. [ECF No. 1-3, ¶ 8]. On or about April 23, 2019, Defendant Edler called for a Quality Assurance (QA) meeting regarding Plaintiff, but gave Plaintiff only 15 minutes advance verbal notice of the meeting, did not advise Plaintiff what was to be discussed at the meeting, the QA board was comprised of at least one member who had a conflict of interest with Plaintiff, and Defendant Edler blindsided Plaintiff with never before raised complaints of job performance stretching back almost a year prior to the QA meeting, all of which is counter to the Board's written policies. [ECF No. 1-3, ¶¶ 16-27]. Shortly after the QA meeting, Plaintiff filed a written complaint with the Board's Human Resources (HR) department regarding the inappropriateness of the QA meeting procedures employed by Edler. [ECF No. 1-3, ¶ 28].

After Plaintiff filed his complaint against Edler regarding the QA meeting, Edler directed that Plaintiff was no longer permitted to work as a paramedic, and placed Plaintiff on administrative duty. [ECF No. 1-3, ¶ 34]. In addition, after learning of Plaintiff's complaint against her, Defendant Edler filed a complaint against Plaintiff with the Florida Department of Health. [ECF No. 1-3, ¶ 37]. As a

result of Plaintiff's complaint against Defendant Edler, the Board began an investigation into the QA meeting, the discipline imposed on Plaintiff by Edler, and Edler's conduct after Plaintiff filed his complaint. [ECF No. 1-3, ¶¶ 42-47]. Though the Board has completed its investigation, and Plaintiff has complied with all conditions imposed on him by the Board, Plaintiff continued to languish in his demoted administrative position at the direction of Defendant Edler.

During the course of the Board's investigation, the Board's attorney, Charlie Peppler, issued an opinion on or about May 31, 2019 finding that Defendant Edler had effectively demoted Plaintiff; that Defendant Edler does not have the authority under Florida law to demote, or discipline Plaintiff; that the Board's disciplinary policy provides for progressive discipline; and that Plaintiff is entitled to due process rights. [ECF No. 1-3, Ex. A, p. 1]. Then, in June 2019, the Boards Human Resources (HR) associate Ed Spainhower concluded in his report that "[i]t is clear that [Plaintiff] was not afforded the type of due process required by [the Board's] policy and union collective bargaining agreements currently in effect, nor was he afforded the opportunity to adequately prepare for the review board that discussed situations from July of 2018 until May of 2019." [ECF No. 1-3, Ex. B, p. 4]. Further, the Board's Interim Public Safety Director, John Dosh, reminded Edler of the due process concerns on July 12, 2019. [ECF No. 1-3, Ex. C].

Nevertheless, Edler continued to refuse to allow Plaintiff to return to work as

a paramedic, instead, leaving Plaintiff to languish in a demoted administrative position despite being admonished that (1) she did not have the authority to take such action; and (2) that her actions were in violation of Plaintiff's constitutional rights. Thus, the allegations raised in the Complaint make clear that the Board's representatives, agents, or employees not only opined that Defendant Edler did not have the authority to discipline Plaintiff, i.e., that discipline was not within her discretionary authority, but they also viewed Edler's conduct as a clear violation of Plaintiff's due process rights. Accordingly, as explained below, because Defendant Edler was not acting within her discretionary authority, and because she violated Plaintiff's clearly established constitutional rights, Defendant Edler is not entitled to qualified immunity. Thus, the Court should DENY Defendant Edler's Motion to Stay Discovery.

## ARGUMENT

### I.     Relevant Law

"Generally, motions to stay discovery are disfavored by the Court because stays typically delay resolution of a case and extend the life of a case beyond an acceptable time period." *McMillan v. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 191249, *4 (N.D. Fla. Oct. 21, 2013). The moving party bears the burden to show good cause why the stay should be granted. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. Sept. 2, 1997). "In evaluating whether the moving party has met its burden, a court

must balance the harm produced by delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Alcon Labs., Inc., v. Allied Vision Grp, Inc.*, 2018 U.S. Dist. LEXIS 222262, *4 (S.D. Fla. Oct. 25, 2018). Stays of discovery are rarely granted. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd,* 87 Fed. Appx. 713 (11th Cir. 2003).

Here, Defendant Edler argues that a stay is appropriate because Defendant Edler alleges she is entitled to qualified immunity, and that as such, the case is ripe for dismissal on the pleadings. "To be entitled to qualified immunity, the defendant must first establish that [s]he was acting within the scope of h[er] discretionary authority." *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017). If the defendant is able to show she was acting within her discretionary authority, then the burden shifts to the plaintiff to show that (1) the defendant violated the plaintiff's constitutional rights; and (2) that at the time of the violation, those rights were "clearly established." *Id.* When considering whether the law clearly established the conduct as a constitutional violation, a court will look for whether the defendant was given fair warning that his conduct violated a constitutional right. *Id.* There are three methods to establish fair warning:

> First, the plaintiffs may show that a materially similar case has already been decided. Second, the plaintiffs can point to a broader, clearly established principle that should control the novel facts of the situation. Finally, the conduct involved in the case may so obviously

violate the constitution that prior case law is unnecessary.

*Id.* (quoting *Terrell v. Smith*, 668 F.3d 1244, 1255-56 (11th Cir. 2012)).

## II. The Court Should Deny Defendant Elder's Motion to Stay Because Defendant Edler Has Failed to Meet Her Burden to Show that a Stay is Appropriate

First, Defendant Edler has the burden to show that the conduct complained of was within her discretionary authority, and she is unable to meet that burden. The Boards own attorney, Charlie Peppler, plainly found that the disciplinary actions Defendant Edler took against Plaintiff were not within her authority. [ECF No. 1-3, Ex. A]. In fact, Defendant Edler has no specific authority to discipline Plaintiff. *See* Fla. Stat. 401.265(1) (2019) (medical director's job duties do not include "administrative and managerial functions."); Opinion of Escambia County Attorney Charlie Peppler, [ECF No. 1-3, Ex. A] (finding the medical director is not responsible for discipline because discipline is a managerial function that the County Administrator and Public Safety Director are charged with). Thus, Defendant Edler is unable to satisfy the first prong of the qualified immunity test, i.e., that she was performing a discretionary function. Nevertheless, assuming Defendant Edler can establish that she was acting within her discretionary authority, Defendant Edler is not entitled to qualified immunity because her conduct violated Plaintiff's clearly established constitutional rights.

When considering whether conduct violates clearly established law, the

analyses focuses on fair warning to the defendant. *See Gaines*, 871 F.3d at 1208. Conduct which obviously violates the constitution is sufficient to establish fair warning and defeat qualified immunity. *See Terrell*, 668 F.3d at 1255-56. Here, Defendant Edler's conduct was an obvious violation of clearly established law.

For example, the Board readily acknowledges in its Motion to Dismiss that "Florida has explained that Public employment is a constitutionally protected property interest." [ECF No. 8, p. 16] (citing *Joshua v. City of Gainesville*, 768 So.2d 432, 439 (Fla. 2000); *Hudson v. City of Riviera Beach*, 982 F. Supp. 2d 1318 (S.D. Fla. 2013); *Metro Dade County v. Sokolowski*, 439 So.2d 932, 934 (Fla. 3d DCA 1983). Further, the Board's representatives, employees, or agents, i.e., Interim Public Safety Director John Dosh, County Administrator Mathew Coughlin, HR associate Ed Spainhower, and County Attorney Charlie Peppler all expressed opinions that Defendant Edler's conduct was a violation of Plaintiff's due process rights. [ECF No. 1-3, ¶¶ 42-46, Exs. A-C]. Spainhower even expressly noted in his June 2019 report that "[i]t is clear that [Plaintiff] was not afforded . . . due process[.]" [ECF No. 1-3, Ex. B]. Nevertheless, despite the Board being clearly aware that Defendant Edler's conduct was violating Plaintiff's constitutional rights, and advising Defendant Edler of the same on multiple occasions, Defendant Edler persisted in her imposed discipline of Plaintiff, leaving him to languish in a demoted position for an indefinite period of time. Accordingly, Defendant Edler cannot reasonably claim that

Plaintiff's interest in his employment and due process rights were not clearly established constitutional rights which she violated. Thus, Defendant Edler is unable to meet her burden that she is entitled to qualified immunity. As such, a stay is unreasonable.

Finally, here, under the balancing test, *See Alcon Labs.,* 2018 U.S. Dist. LEXIS 222262, *4, where the court considers the potential harm to the non-movant if a stay is granted compared to the likelihood that a defendant will prevail on a motion to dismiss, obviating the need for discovery in the first place, the likelihood of harm to Plaintiff, and the lack of prejudice to the Defendant weights in favor of denying the request for stay. Here, Plaintiff has pleaded facts which make clear that the Defendants have subjected him to a needlessly arduous, and defective process which continues to remain unresolved. Thus, granting Defendant Edler's Motion to Stay will harm and unduly prejudice Plaintiff by sanctioning further delay, and prevent Plaintiff from seeking justice.

On the other hand, Defendant Edler is unable to show prejudice, or undue burden, and indeed, has not argued that responding to Plaintiff's discovery requests presents an undue burden other than to argue that should she prevail on her qualified immunity argument, it would be unduly burdensome for her to reply to Plaintiff's discovery. However, as argued above, Defendant Edler is unlikely to prevail on her qualified immunity argument. Thus, after balancing the potential harm to the parties,

the Court should find that a stay is inappropriate.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant Edler is unable to meet her burden to establish that she is entitled to qualified immunity. Thus, Defendant Edler is unable to meet her burden to show that a stay is reasonable here. As such, the Court should DENY Defendant Edler's Motion to Stay Discovery.

> Respectfully submitted,
>
> */s/ Jeremiah J. Talbott*
> JEREMIAH J. TALBOTT, ESQ.
> Florida Bar No. 0154794
> TRAVIS P. LAMPERT, ESQ.
> Florida Bar No. 0099843
> Law Office of Jeremiah J. Talbott, P.A.
> 900 East Moreno Street
> Pensacola, FL  32503
> (850) 437-9600 / (850) 437-0906 (facsimile)
> *Attorneys for Plaintiff*
> jjtalbott@talbottlawfirm.com
> civilfilings@talbottlawfirm.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

In accordance with N.D. Fla. Loc. R. 7.1(F), counsel for the Plaintiff hereby certifies there are 2,101 words in this Response to Defendant Edler's Motion for Stay, not including the case style, signature blocks, or certificates.

> /s/ Jeremiah J. Talbott
> JEREMIAH J. TALBOTT, ESQ.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 21st day of April, 2020 a true and correct copy of the foregoing Response was furnished to counsel for the Defendants as listed below via CMC/ECF.

                                    /s/ Jeremiah J. Talbott
                                    JEREMIAH J. TALBOTT, ESQ.

## SERVICE LIST

Stephanie Pidermann, Esquire
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
sp@lydeckerdiaz.com
kg@lydeckerdiaz.com
ksm@lydeckerdiaz.com

Ian M. Corp, Esq.
Lydecker Diaz
495 Grand Blvd, Suite 206
Miramar, FL 32550
imc@lydeckerdiaz.com
ev@lydeckerdiaz.com


Cecily L. Kaffer, Esq.
The Kullman Firm
P.O. Box 1287
Mobile, AL 36633
clk@kullmanlaw.com