# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MATHEW SELOVER

     Plaintiff,

vs.

                                CASE NUMBER: 3:20-CV-4698-TKW-HTC

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

     Defendants.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Mathew Selover (Plaintiff), by and through undersigned counsel, herby files this First Amended Complaint against Defendants Escambia County Board of County Commissioners (ECBCC), and Rayme Edler (Edler) (collectively referred to as Defendants), and states as follows:

## PARTIES

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

1)      Plaintiff is a resident of Santa Rosa County, Florida, and, at all times material, employed by Escambia County.

2)      Defendant ECBCC is a local government entity which governs the County of Escambia, in the State of Florida.

3)      Defendant Edler is a resident of the State of Florida and is employed as the Escambia County Medical Director.  Defendant Edler began serving in this capacity in approximately April 2018.

4)      Plaintiff has worked in emergency medical services since 2009.

5)      Plaintiff is an employee of the Escambia County Board of County Commissioners and has been employed as a paramedic for Escambia County EMS since February 2012.

6)      For approximately the past three and a half (3 1/2) years, Plaintiff was employed by Escambia County EMS as a shift Captain.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

7)    Prior to the allegations raised herein, in his more than seven (7) years of employment with Escambia County EMS, Plaintiff was never been disciplined for inappropriate work conduct.

8)    As the Escambia County Medical Director, Defendant Edler is responsible for the medical performance of all Emergency Medical Technicians and Paramedics of Escambia County.

## FACTUAL BACKGROUND

9)    At all times relevant, Plaintiff was not an "at will" employee, but was covered under the Merit System, and/or was subject to a collective bargaining agreement between the Escambia County Board of County Commissioners and the International Association of EMTs and Paramedics.

10)   At all times relevant, Plaintiff could only be terminated for cause and had a property interest in his employment with Escambia County Board of County Commissioners.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

11) In or about March 2019, Plaintiff was advised by his colleague, Diana Chavers (Chavers), that Escambia County EMS employees Glenda Owens (Owens), and Amanda Frando (Frando) called in a "false delay" to have a smoke break- behavior that is a source of frequent complaints.

12) Plaintiff notified his superiors of Owen's and Frando's conduct shortly after he was advised of same by Chavers.

13) On or about the next day, Chavers was concerned with submitting an information report regarding the false delay incident because of Defendant Edler's friendship with Owens; nevertheless, Chavers completed, and turned in an information report of the incident.

14) On or about March 20, 2019, Plaintiff reported to his superiors that Escambia County EMS employee Shawn Hoopaugh (Hoopaugh) had made inappropriate sexual comments directed at another employee.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

15)   A few days after Plaintiff reported Hoopaugh, Hoopaugh angrily confronted Plaintiff regarding Plaintiff's report; an incident which Plaintiff also reported to his superiors.

### Quality Assurance Meeting

16)   On or about April 23, 2019, Plaintiff was contacted by Commander James Maddrey (Maddrey) of Escambia County EMS and advised that he was required to attend a QA meeting which was to begin in approximately fifteen (15) minutes.  Maddrey provided no additional details regarding the purpose, or topics to be discussed at the QA meeting.

17)   The QA meeting was called for by Defendant Edler.

18)   Plaintiff immediately contacted Escambia County Human Resources (HR) to discuss his concerns with attending a meeting with no advanced notice, and no explanation of the meeting's purpose.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

19)     After HR initially advised Plaintiff to decline attending the meeting, the HR Director, Eric Kleinert contacted Plaintiff and encouraged him to attend, assuring Plaintiff that the meeting was non-disciplinary.

20)     Plaintiff attended the meeting, but he brought a union representative, Ivey Lett, as a witness.

21)     When Plaintiff arrived at the meeting, he discovered that the QA board was comprised of Defendant Edler, Hoopaugh, Captain Craig Ammons, Bill Hopkins, and Maddrey.

22)     Maddrey did not attend the entire meeting because he left to assist on a call.

23)     Plaintiff was previously Bill Hopkins' supervisor.

24)     Bill Hopkins' is a close friend and/or confidant of Rayme Edler.

25)     At the time of the QA meeting, Plaintiff's report/complaint regarding Hoopaugh was still open, and unresolved.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

26)     Defendant Edler remarked at the start of the meeting that the meeting was non-disciplinary.

27)     At the conclusion of the meeting, the QA board did not recommend remediation, re-training, or performance improvement.

## **Plaintiff's Complaint Filed with HR**

28)     Shortly after the QA meeting, Plaintiff filed a complaint under the ECBCC's HR policies with ECBCC's HR department against Defendant Edler, and expressed concerns with the QA meeting, including the fact that he did not have adequate notice, the QA board was not impartial, that Dr. Edler brought up matters that were almost a year old and/or were already resolved;  the QA board was not comprised of representatives who usually serve on the board, and that he believed that the board was called in retaliation for Plaintiff reporting Frando and Owens.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

29)     After the QA meeting, Plaintiff continued to work for the Defendants as a paramedic without any restrictions on his employment for approximately 23 days.

30)     On or about May 13, 2019, a representative of HR met with EMS Chief Leon Salter, Interim Public Safety Director John Dosh (Dosh), and Defendant Edler concerning Plaintiff's complaint against Defendant Edler.

31)     At that meeting, after learning of Plaintiff's complaint, Defendant Edler suddenly decided that the issues discussed at the QA meeting warrant disciplinary action against Plaintiff, and she declared that Plaintiff was unable to work as a paramedic under her license.

32)     In response to Defendant Edler's sudden decision to take disciplinary action against Plaintiff (after Plaintiff filed a complaint against her), Dosh specifically advised Defendant Edler that her conduct appeared to be retaliatory in nature.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

33)     Defendant Edler continued to press for disciplinary action against Plaintiff.

34)     On or about May 15, 2019, at the direction of Defendant Edler, Plaintiff was informed that he could not work as a paramedic, and he was placed on administrative duty.

35)     As of May 15, 2019, Plaintiff was restricted to work in only an administrative capacity. Plaintiff was not allowed to work overtime in this administrative capacity.

36)     Plaintiff was not given notice of this proposed discipline, did not have a fair and proper opportunity to defend same, and the Defendant Edler did not follow ECBCC's own policies regarding convening and conducting the QA meeting, or imposing discipline, conduct which Defendant ECBCC had a pattern and practice of adopting and/or ratifying through known indifference, inaction, or concerted effort to prevent a full and fair resolution to employee disputes.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

## Defendant Edler's Complaint to the Florida Department of Health Regarding Plaintiff

37)   On or about May 16, 2019, Defendant Edler filed a complaint with the Florida Department of Health (DOH) concerning Plaintiff.

38)   In said DOH complaint, Defendant Edler referred to incidents which were never previously reported, and which occurred nearly a year prior to the DOH complaint.

39)   To date, the DOH has taken no action against Plaintiff regarding the complaint filed against Plaintiff by Defendant Edler; in fact, through the course of investigating Defendant Edler's complaint against Plaintiff, a third party physician experienced in emergency medicine has determined that Defendant Edler's allegations against Plaintiff are unfounded.

## Escambia County's Investigation, and Processes

40)   After the May 13, 2019 meeting with Defendant Edler, the Interim County Administrator Matthew Coughlin (Coughlin) instructed Dosh

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

that a performance improvement plan (PIP) needed to be completed in order to restore Plaintiff to his full position as a paramedic.

41)   Dosh subsequently advised Defendant Edler to draft the PIP. However, rather than provide a PIP, Defendant Edler recommended first that Plaintiff be demoted to an Emergency Medical Technician (EMT), and then that Plaintiff be terminated.

42)   Because of the due process concerns expressed by Dosh, and Coughlin, Coughlin requested the ECBOCC attorney, Charles Peppler (Peppler), for his legal opinion concerning the extent of Defendant Edler's authority under the law, and Peppler advised that Defendant Edler did not have the authority to demote, terminate, or otherwise discipline the Plaintiff. See Peppler Memo, attached hereto as Exhibit A.

43)   Despite Peppler's legal opinion, Defendant Edler continued, and continues to impose discipline on Plaintiff.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

44) In addition to investigating the discipline Defendant Edler was imposing on Plaintiff, Edward Spainhower, an employee in the ECBCC's HR department, was assigned to investigate the Plaintiff's complaint against Edler. The Plaintiff had complained to Spainhower that he was being improperly disciplined after he was placed on admirative duties.

45) In June 2019, Spainhower issued a report on behalf of Defendant ECBCC and determined that Defendant "Edler may have engaged in conduct that could be construed as harassment given the manner in which the board was assembled and the processes that were followed in both reporting [Plaintiff] to the FDOH and in attempting to demote him without *due process*." (Emphasis added).  <u>See</u> Spainhower Report, attached hereto as Exhibit B.

46) Spainhower further stated "It is clear that Mr. Selover was not afforded the type of *due process* required by [Escambia County Board of County

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

Commissioners] policy and union collective bargaining agreements currently in effect, nor was he afforded the opportunity to adequately prepare for a review board that discussed situations from July of 2018 until May of 2019." <u>See</u> Exhibit B (emphasis added).

47) In his report, Spainhower recommended that Plaintiff be returned to operational status as soon as possible. <u>See</u> Exhibit B.

48) None of Spainhower's recommendations were implemented or followed. <u>See</u> Exhibit B.

49) Despite Spainhower's June 2019 report that Defendant Edler's complaint against Plaintiff was without merit or improper, Plaintiff continued to, and still continues to languish in a demoted, limited or restricted position, while Defendant Edler has faced no repercussions.

50) In fact, to make matters worse, Plaintiff was not provided a copy of Spainhower's report when it was completed in June 2019. After the his complaint was filed in May 2019, the Plaintiff called HR about the

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

status of the complaint approximately every three (3) weeks, but he was not provided an update and was not told that a report was completed. He emailed the interim head of HR and even contacted the County Administrator to help facilitate the release of the report. He finally was able to receive a copy of the report on November 13, 2019 when he called the County Attorney's office and was provided a copy of his file, which contained the Spainhower report.  Thus, Plaintiff was finally given a copy of the Spainhower report approximately seven (7) months after it was completed.

51)   Plaintiff had no idea that the report was complete or was favorable to him and he had no idea that it was recommended that he was returned to his paramedic position until he received the report in November 13, 2019. However, overall, he was satisfied with the findings of the report.

52)   Spainhower ultimately determined that demotion and/or termination of the Plaintiff was not legally justifiable.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

53)   Despite the opinion of Peppler and Spainhower, Defendant Edler continued her refusal to draft a PIP and refused to adhere to county policies or to refrain from impinging on the Plaintiff's rights.  See July 12, 2019 Email to Edler attached as Exhibit C.

54)   Considering Defendant Edler's refusal to draft the PIP, in or about July 2019, Leon Salter was instructed to draft the PIP, which he did.

55)   At the time that Leon Salter circulated the PIP, Plaintiff was still working in an administrative role, rather than his regular paramedic position.

56)   Though John Dosh, the Department Director, never issued a report, he did approve of, and sign off on, the PIP prepared by Salter.

57)   As part of the PIP, Plaintiff was to work under the supervision of a Field Training Officer (FTO) and the PIP was to last ninety (90) days. However, it took Escambia County until approximately late August 2019 to implement the PIP.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

58)     Well over 90 days have elapsed since Plaintiff began the PIP, and Plaintiff has performed satisfactorily, and met all conditions under the PIP, yet Defendants have not returned Plaintiff to his full position as paramedic and have not followed the PIP.

59)     Plaintiff continued to work in a limited capacity despite that fact that Defendants never formally accused Plaintiff of any wrongdoing.

60)     Moreover, despite having written policies regarding employee discipline and retaliation, Defendants have a pattern and practice of violating the policies and failing and refusing to adhere to the policies.

61)     For example, according to the Escambia County Board of County Commissioners Human Resources policies (HR policies), Defendants are required to issue a Notice of Disciplinary Action in writing, which sets forth the nature of the allegations, the nature of the action to be taken, the effective date of the action, and if suspension, the duration thereof, and that such notice should be served upon the affected

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

employee. <u>See</u> Exhibit D Escambia County Human Resources Policy, p. 71.

62)   Additionally, according to the HR policies, Defendants were to implement an escalating disciplinary process wherein suspension, and demotion are considered more severe measures. <u>Id.</u>

63)   Moreover, according to the collective bargaining agreement, Defendants may discipline Plaintiff only for just cause. <u>See</u> Exhibit E Collective Bargaining Agreement.

64)   Further, according to the Defendants' harassment policies, all complaints must be immediately investigated and completed within a strict time frame.  The results must be discussed with the complainant and the complainant must be given the opportunity to appeal same to the next level.  The Defendants did not follow their polices, did not follow their timelines, buried the results, did not discuss the results with

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

the Plaintiff, and then they tried to change the results after they were final, without obtaining any new evidence.

65)   Despite these written policies, Defendants, failed and refused to follow their own policies and procedures regarding Plaintiff and his complaint about Defendant Edler.  Specifically, they failed to follow their policies with regard to Plaintiff's complaint about Edler by not adhering to the processed identified in either the HR policies, or the CBA; they allowed Edler to retaliate against Plaintiff when their own legal counsel and HR representative found that same was improper; and they violated their own policies when they punished Plaintiff without allowing him ANY due process or notice of the allegations against him.

66)   Defendants have a long history, custom, and practice of ignoring ECBCC policies and procedures regarding discipline, retaliation, and complaints.  For example:

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

(a) Defendant ECBCC has expressly admitted failure to follow its own policies and procedures, has indicated to management personnel that it requires assurances that policies and procedures are being followed, but has taken no additional action to ensure compliance, despite knowledge that policies and procedures are not being followed;

(b) In or about April 2018, Defendant ECBCC expressly admitted it needed to revise its policies and procedures because same were consistently not being followed, yet Defendant ECBCC has failed to take proper action to demand compliance;

(c) Even after April 2018, the Defendants have systematically refused to follow their policies and refused to address complaints in a proper, timely manner, to assure due process. For example, there are at least five other instances since May 2018, when Edler assumed her position, wherein Defendants failed to give the

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

employees proper notice of complaints, failed to timely investigate complaints, and failed to abide by the escalating disciplinary process. Specifically, since 2018, at least 5 other complaints were filed against Defendant Edler by members of the EMS department. In each of those Complaints, the Defendants failed to follow their HR/grievance/hostile work environment policies. In each of these 5 Complaints, the Defendants effectively buried the complaints, failed to issue opinions on the complaints, and, based on information and belief, failed to properly inform the complainant of the status or finding of the complaint. Like the Plaintiff's complaint, these other 5 complaints were against Defendant Edler. Further, like the Plaintiff, the Defendant Edler subsequently filed a complaint with the DOH against all of those that filed a complaint against her.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

67)     The Defendants have a pattern and practice of ignoring their HR policies and procedures, burying complaints in the Emergency Medical Services, and protecting Dr. Edler.

68)     The Defendants failure, or refusal to return Plaintiff to his full position have cost Plaintiff seniority and compensation in that while demoted to administrative duties, or duties supervised by an FTO, Plaintiff missed out on significant overtime payment, and opportunities for career advancement.

## Jana Still's Post Hoc Findings

69)     On or about December 12, 2019, Jana Still, who became the Escambia County Director of Human Resources in or about November 2019, issued a subsequent report concerning Plaintiff's complaint against Defendant Edler, concluding, without adequate explanation or analysis, and contrary to Spainhower's report, that Defendant Edler had not

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

committed retaliation and also concluded that Plaintiff should remain under the supervision of a FTO.

70) Plaintiff timely requested the opportunity to appeal Still's report on December 17, 2019, but was told by Still that he had no further appeal rights, and that he should seek further avenues of redress.

71) County Attorney Alison Rogers confirmed in writing to Commissioner Bergosh that Plaintiff had no option to file an additional internal appeal, and specifically advised that Plaintiff would have to file his appeal with the courts. This information was relayed to the Plaintiff.

72) Nevertheless, upon information and belief, Ms. Still drafted, and issued the above referenced report after meeting with Defendant Edler, and Defendant Edler's private attorney.

73) Moreover, in adopting the Still report as their final decision, Defendant ECBCC failed to follow its own procedures regarding investigating Plaintiff's retaliation complaint against Defendant Edler.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

74)     For example, per Escambia County policy, an investigation is supposed to be concluded within 15 days of the complaint being made. Further, the HR director is to meet with the complainant within five working days after the investigation is concluded. Finally, within 10 days of meeting with the complainant, the County is to issue a decision in writing which includes findings of fact and a statement for or against any disciplinary action.

75)     Here, Escambia County failed to conclude the investigation within 15 days, failed to meet with Plaintiff within the prescribed period of time, failed to issue a written decision within the prescribed period of time, failed to provide the Plaintiff a copy of the decision within a reasonable period of time, failed to discuss the resolution of the complaint with the Plaintiff, failed to follow the recommendations of the decision, and then amended the decision months after it was final and issued a new

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

contrary decision, by someone who was not involved in the original investigation.

76)     Based on information and belief, County Commissioner Jeff Bergosh attempted to investigate this matter and demanded that Mrs. Still meet with him and provide him the evidence which supposedly she reviewed, and which inspired her to issue the new report contrary to the prior report.  However, Mrs. Still was not able to locate the "evidence" that she relied on.  Despite same, Plaintiff still suffered from the adverse employment action and has not returned to his prior position as a paramedic.

77)     In fact, Plaintiff was recently informed by Maddrey on April 9, 2020, that Plaintiff was not permitted to attend the supervisors meeting, though Plaintiff was previously permitted to attend such meetings, due to the restrictions placed on Plaintiff by Defendants ECBCC and Edler.

## **Santa Rosa County**

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

78)   In August 2019, Plaintiff started working a few shifts with Lifeguard Ambulance Service in Santa Rosa County Florida, where he worked as a paramedic.

79)    When Defendant Edler learned that Plaintiff was working at Lifeguard Ambulance Service, she took it upon herself to contact Santa Rosa County's medical director, unsolicited, and erroneously claim that Plaintiff was not qualified to work as a paramedic.

80)   Santa Rosa County's medical director investigated this situation and concluded that Plaintiff was qualified to work as a paramedic.

81)   Defendant Edler contacted the medical director of Santa Rosa County in an attempt to prevent the plaintiff from working supplemental work as a paramedic and to further punish or take adverse employment action against the Plaintiff.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

82)     With Defendants refusing to act, and provide appropriate due process, Plaintiff has continued to languish in a demoted position for more than ten (10) months, forcing Plaintiff to resign in or about April 2020.

83)     Accordingly, Plaintiff has brought this suit, and has incurred attorney's fees and costs in pursuit thereof.

## COUNT I- VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS
### (Against Defendant Edler in her Official Capacity and Defendant ECBCC)

84)     Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-three (83) above as if fully set forth herein.

85)     Under color of state law, pursuant to authority granted by constitution, statute, regulation, or ordinance, Defendants deprived Plaintiff of his due process rights protected by the 14th Amendment to the U.S. Constitution.

86)     "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. 14.

87)   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

88)   Here, Plaintiff has a protected property interest in his employment because Plaintiff was subject to the Collective Bargaining Agreement (CBA), which provides that no full time employee shall be discharged or otherwise disciplined except for just cause; and/or per Escambia County's own customs, policies, practices, and procedures, Plaintiff

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

could be disciplined only "for cause", thus, disciplinary actions taken against Plaintiff by Escambia County must be accompanied by due process. Exhibits D, E.

89)   Plaintiff has exhausted all remedies afforded to him under the CBA and/or Escambia County's policies.

90)   Alternatively, Defendants acts, or omissions have prevented Plaintiff from exhausting all remedies afforded to him under the CBA and/or Escambia County's policies.

91)   Plaintiff has suffered a deprivation of his property interest in that Defendants demoted Plaintiff, restricted his duties, changed his responsibilities or otherwise took action against him which has cost Plaintiff seniority, pay, and advancement opportunities without providing due process.

92)   Defendants violated Plaintiff's procedural due process rights by failing, and/or refusing to afford Plaintiff adequate procedures to address the

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

disciplinary actions imposed on him and his complaint of retaliation against Edler, and failing or refusing to abide by the procedures established in the CBA and/or Escambia County policies.

93) Defendant ECBCC's procedures were inadequate in that, among other reasons, ECBCC:

    a) failed to provide adequate notice of the QA meeting, its purpose, and preventing Plaintiff from meaningfully responding to any issues raised therein;

    b) failed to give notice that he was being disciplined;

    c) Defendant Edler has no authority to discipline Plaintiff, yet she in fact has imposed discipline on Plaintiff;

    d) Defendant Edler has no authority to discipline Plaintiff, yet the ECBCC continues to allow her to effectively impose discipline on Plaintiff;

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

e) disciplined Plaintiff by demoting, transferring, and/or otherwise limiting his employment as noted herein without proper notice or ability to respond or challenge the decision;

f) failed to follow its own disciplinary policies, and procedures;

g) restricting the Plaintiff's employment indefinitely, without any opportunity and procedure to remove said restrictions;

h) failed to follower Spainhower's recommendations to return Plaintiff to full employment;

i) failed to abide by their own policies and procedures regarding the investigation of Plaintiff's retaliation claim, including failing to abide by the timeframe prescribed, and failing to issue a timely basis of decision; and

j) intentionally prevented Plaintiff from exhausting his administrative remedies.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

94)     At all times material, Defendant ECBCC designated Defendant Edler as the policy maker regarding employment related actions taken pursuant to a QA/QI meeting.

95)     At all times material, Defendant ECBCC ratified Defendant Edler's acts or omissions which give rise to Plaintiff's procedural due process claims.

96)     At all times material, Defendant ECBCC violated Plaintiff's constitutional rights pursuant to an established history, custom and practice of ignoring complaints against Edler, and refusing to follow their own written policies either through indifference, inaction, or concerted effort to prevent a full and fair resolution to employee disputes, and/or to shield Edler from legitimate complaints.

97)     The actions complained of herein deprived Plaintiff of due process under the color of state law in that official acts of ECBCC, pursuant to the authority invested in ECBCC, and by policy, custom, or practice,

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

prevented Plaintiff from receiving adequate notice that he was subject to disciplinary procedures; prevented Plaintiff from a meaningful opportunity to be heard and confront the allegations against him; and prevented Plaintiff from receiving a timely final decision, meanwhile, Plaintiff has been indefinitely demoted.

98)    As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer the deprivation of his due process rights, and he has suffered and continues to suffer diminished pay, loss of seniority, loss of benefits, and loss of advancement opportunities.

99)    Plaintiff has incurred attorney's fees and costs in bringing this action.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a)  Trial by jury on all contested factual issues in this matter;

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

b) Preliminary/permanent injunctive relief compelling Defendants to restore Plaintiff to his previous rank, title, pay, privileges, and benefits;

c) A judgement stating that Defendants' conduct complained of herein is a violation of the Fourteenth Amendment of the U.S. Constitution;

d) Award compensatory damages in favor of Plaintiff;

e) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

f) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT II- VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS (Against Defendant Edler in her Individual Capacity)

100) Plaintiff re-alleges, and incorporates paragraphs one (1) through eighty-three (83) above as if fully set forth herein.

101) "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

102) At all times material, Plaintiff was entitled to procedural due process regarding his complaint against Edler, and regarding the employment decisions taken against him which are described herein.

103) Defendant Edler acted under color of law, using her position as Escambia County Medical Director to deprive Plaintiff of his procedural due process rights by abusing her authority.

104) Defendant Edler's conduct was motivated by personal animus towards Plaintiff, her actions were intentional, and, in addition to violating Plaintiff's Fourteenth Amendment rights, she unlawfully retaliated against Plaintiff in violation of his First Amendment rights.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

105)   Specifically, regarding Defendant Edler's procedural violations: Defendant Edler convened a QA meeting where Plaintiff was given just 15 minutes advance verbal notice of said meeting; despite the lack of adequate notice, the QA meeting was comprised of inappropriate and conflicted members; Defendant Edler raised issues in the QA meeting dating back nearly a year prior to the QA meeting; Defendant Edler assured Plaintiff that the QA meeting was non-disciplinary in nature, nevertheless, Defendant Edler disciplined Plaintiff by removing him from operation, placing him in an administrative position, and then demoting Plaintiff to work as a supervised EMT, rather than a paramedic; Defendant Edler was advised by Escambia County legal counsel that she did not have the authority to discipline Plaintiff, yet she has, and continues to impose discipline on Plaintiff; and finally, when asked to provide the documents she reviewed to justify her decision to discipline Plaintiff, Defendant Edler engaged in a pattern

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

delay, and evade, while she post hoc gathered documents to justify her actions.

106) Defendant Edler's acts or omissions described herein were in violation of clearly established law.

107) Defendant ECBCC's own representatives Dosh, Spainhower, Coughlin, and the ECBCC's attorney, Peppler, all stated their concerns with due process violations presented by Edler's conduct.

108) Thus, the due process violations were /are clear to even Defendant ECBCC.

109) Plaintiff is entitled to compensatory punitive damages against Defendant Edler individually as her conduct violated well-established law, was retaliatory in nature, and Defendant Edler further acted recklessly and with callous indifference towards Plaintiff's due process rights under the 14th Amendment to the U.S. Constitution.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

110)   As a direct and proximate result of Defendant Edler's unlawful actions in her individual capacity, Plaintiff has suffered, and continues to suffer the deprivation of his due process rights, and he has suffered and continues to suffer diminished pay, loss of seniority, loss of benefits, and loss of advancement opportunities.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a)  Trial by jury on all contested factual issues in this matter;

b)  Preliminary/permanent injunctive relief compelling Defendants to restore Plaintiff to his previous rank, title, pay, privileges, and benefits;

c)  A judgement stating that Defendant Edler's conduct in her individual capacity complained of herein is a violation of the Fourteenth Amendment of the U.S. Constitution;

d)  Award punitive damages in favor of Plaintiff;

e)  Award compensatory damages in favor of Plaintiff;

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

f)  Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

g)  Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT III- VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTANTIVE PROPERTY RIGHTS
### (Against Defendant Edler in her Official Capacity and Defendant ECBCC)

111)  Plaintiff re-alleges, and incorporates paragraphs one (1) through ninety-nine (99) above as if fully set forth herein.

112)  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

113)   Under color of state law, pursuant to authority granted by constitution, statute, regulation, or ordinance, Defendants deprived Plaintiff of his substantive property rights protected by the 14th Amendment to the U.S. Constitution.

114)   Plaintiff was an employee of ECBCC who was subject to discharge only with cause.

115)   Plaintiff's right to continued employment by the ECBCC as a paramedic is a substantive property right protected by the 14th Amendment to the U.S. Constitution.

116)   Defendants caused the deprivation of Plaintiff's substantive property rights by deliberately making Plaintiff's working conditions intolerable, forcing Plaintiff to resign.

117)   Defendants actions made Plaintiff's working conditions intolerable in that Defendants intentionally denied Plaintiff due process regarding his complaint against Edler and the discipline being imposed upon him by

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

Edler, and allowed Plaintiff to languish in his demoted status for more than ten (10) months, even though Plaintiff complied with the PIP, and all other conditions ECBCC imposed on him.

118)  After being recently informed that Defendants will continue to exclude him from the supervisors meeting because of his demoted status, Plaintiff was forced to resign his position with ECBCC.

119)  At all times material, Defendant ECBCC designated Defendant Edler as the policy maker regarding employment related actions taken pursuant to a QA/QI meeting.

120)  At all times material, Defendant ECBCC ratified Defendant Edler's acts or omissions which give rise to Plaintiff's substantive due process claims.

121)  At all times material, Defendant ECBCC violated Plaintiff's constitutional rights pursuant to an established history, custom and practice of ignoring complaints against Edler, and refusing to follow

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

their own written policies either through indifference, inaction, or concerted effort to prevent a full and fair resolution to employee disputes, and/or to shield Edler from legitimate complaints.

122) The actions complained of herein deprived Plaintiff of his substantive property rights under the color of state law in that official acts of ECBCC, pursuant to the authority invested in ECBCC, and by policy, custom, or practice, caused Plaintiff's constructive discharge from employment.

123) Defendants lacked cause to impose such discipline on Plaintiff.

124) Defendants' deprivation of Plaintiff's substantive rights was pretextual, arbitrary and capricious.

125) As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer the deprivation of his substantive rights, and he has suffered and continues to suffer loss of

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

income, loss of seniority, loss of benefits, and loss of advancement opportunities.

126)   Plaintiff has incurred attorney's fees and costs in bringing this action.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

g)   Trial by jury on all contested factual issues in this matter;

h)   Preliminary/permanent injunctive relief compelling Defendants to restore Plaintiff to his previous rank, title, pay, privileges, and benefits;

i)   A judgement stating that Defendants' conduct complained of herein is a violation of the Fourteenth Amendment of the U.S. Constitution;

j)   Award compensatory damages in favor of Plaintiff;

k)   Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

l)   Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

## COUNT IV- VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTANTIVE PROPERTY RIGHTS (Against Defendant Edler in her Individual Capacity)

127)  Plaintiff re-alleges, and incorporates paragraphs one (1) through eighty-three (83), and one-hundred and one (101) through one-hundred and ten (110) above as if fully set forth herein.

128)  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

129)  Under color of state law, pursuant to authority granted by constitution, statute, regulation, or ordinance, Defendant Edler deprived Plaintiff of

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

his substantive property rights protected by the 14th Amendment to the U.S. Constitution.

130) Plaintiff was an employee of ECBCC who was subject to discharge only with cause.

131) Plaintiff's right to continued employment by the ECBCC as a paramedic is a substantive property right protected by the 14th Amendment to the U.S. Constitution.

132) Defendant Edler caused the deprivation of Plaintiff's substantive property rights by deliberately making Plaintiff's working conditions intolerable, forcing Plaintiff to resign.

133) Defendant Edler's actions made Plaintiff's working conditions intolerable in that Defendant Edler intentionally denied Plaintiff due process, refused to return Plaintiff to his previous position, and she allowed Plaintiff to languish in his demoted status for more than ten

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

(10) months, even though Plaintiff complied with the PIP, and all other conditions ECBCC imposed on him.

134) After being recently informed that Defendants will continue to exclude him from the supervisors meeting because of his demoted status, Plaintiff was forced to resign his position with ECBCC.

135) The actions complained of herein deprived Plaintiff of his substantive property rights under the color of state law in that Defendant Edler abused her position as Medical Director of Escambia County, and caused Plaintiff's constructive discharge from employment.

136) As a direct and proximate result of Defendant Edler's unlawful actions, Plaintiff has suffered, and continues to suffer the deprivation of his substantive rights, and he has suffered and continues to suffer loss of income, loss of seniority, loss of benefits, and loss of advancement opportunities.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

137) Defendant Edler was admonished numerous times by ECBCC representatives, agents, or employees that her conduct violated Plaintiff's due process rights, and that her conduct was retaliatory and harassing in nature.

138) Defendant Edler's conduct violated clearly established law.

139) Plaintiff has incurred attorney's fees and costs in bringing this action.

140) Defendant Edler lacked cause to impose such discipline on Plaintiff.

141) Defendant Edler's deprivation of Plaintiff's substantive rights was pretextual, arbitrary and capricious

142) Plaintiff is entitled to compensatory punitive damages against Defendant Edler individually as her conduct violated well-established law, was retaliatory in nature, and Defendant Edler further acted recklessly and with callous indifference towards Plaintiff's due process rights under the 14th Amendment to the U.S. Constitution.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

143)   As a direct and proximate result of Defendant Edler's unlawful actions in her individual capacity, Plaintiff has suffered, and continues to suffer the deprivation of his substantive due process rights, and he has suffered and continues to suffer diminished pay, loss of seniority, loss of benefits, and loss of advancement opportunities.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

h)  Trial by jury on all contested factual issues in this matter;

i)  Preliminary/permanent injunctive relief compelling Defendants to restore Plaintiff to his previous rank, title, pay, privileges, and benefits;

j)  A judgement stating that Defendant Edler's conduct in her individual capacity complained of herein is a violation of the Fourteenth Amendment of the U.S. Constitution;

k)  Award punitive damages in favor of Plaintiff;

l)  Award compensatory damages in favor of Plaintiff;

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

m) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

n) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable

## COUNT V- UNLAWFUL RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
### (Against Defendant Edler in her Official Capacity and Defendant ECBCC)

144) Plaintiff re-alleges, and incorporates paragraphs one (1) through ninety-nine (99), and paragraphs one-hundred and twelve (112) through one-hundred and twenty-six (126) above as if fully set forth herein.

145) Amendment I of the United States Constitution provides in pertinent part: "Congress shall make no law . . . abridging the freedom of speech."

146) The Speech Clause of the First Amendment was made applicable to the states under the Fourteenth Amendment in Gitlow v. New York, 268 U.S. 652 (1925).

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

147)   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

148)   Defendants' actions as described herein violated Plaintiff's Free Speech rights under the color of state law.

149)   At all times relevant, Plaintiff exercised his First Amendment rights when filing his complaint against Defendant Edler regarding the improper QA meeting.

150)   Further, Plaintiff's complaint against Defendant Edler involved a matter of public concern in that the complaint concerned the policies,

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

practices, and procedures implemented by Escambia County, and Defendant Edler, the Director of Escambia County EMS.

151) Here, Plaintiff's complaint was filed in response to a procedurally inappropriate QA meeting, and was intended to seek redress for the procedural due process violations apparent in the circumstances surrounding the QA meeting, and draw attention to Defendant Edler's violation(s) of ECBCC policy.

152) Defendant Edler, shortly after being notified of Plaintiff's complaint, then began a campaign of retaliation against Plaintiff which includes, but is not limited to:

    a) Removing Plaintiff from field work, and placing him in an administrative position;

    b) Demoting Plaintiff, and refusing to allow him to work as a paramedic; and

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

     c) Contacting Plaintiff's additional employer and falsely representing that Plaintiff is not qualified to work as a paramedic.

153) Plaintiff's complaint against Defendant Edler did not impede the performance of Escambia County EMS, or interfere with the regular operation thereof.

154) Despite knowing that Defendant Edler did not possess the authority to discipline Plaintiff as described above, Defendant ECBOCC has taken no action to relieve Plaintiff from the discipline imposed upon him by Defendant Edler; thus, Plaintiff continues to suffer negative employment actions due to the actions of Defendants Edler and ECBOCC.

155) Plaintiff's complaint against Defendant Edler was, and is, a substantial motivating factor in the Defendants' retaliatory discipline of Plaintiff.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
www.JJCanHelp.com

Page 51 of 63

156)  At all times material, Defendant ECBCC designated Defendant Edler as the policy maker regarding employment related actions taken pursuant to a QA/QI meeting.

157)  At all times material, Defendant ECBCC ratified Defendant Edler's acts or omissions which give rise to Plaintiff's substantive due process claims.

158)  At all times material, Defendant ECBCC violated Plaintiff's constitutional rights pursuant to an established history, custom and practice of ignoring complaints against Edler, and refusing to follow their own written policies either through indifference, inaction, or concerted effort to prevent a full and fair resolution to employee disputes, and/or to shield Edler from legitimate complaints.

159)  Plaintiff's disciplinary record does not support the discipline he has been forced to endure due to the Defendants' actions.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

160) Plaintiff's complaint against Defendant Edler is protected Free Speech under the First Amendment.

161) As a direct, and proximate cause of the actions of the Defendants, Plaintiff has suffered loss of professional standing and position; emotional distress; embarrassment; humiliation; and damage to his good name and reputation, all of which are injuries that are continuing, and permanent.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

o) Trial by jury on all contested factual issues in this matter;

p) Preliminary/permanent injunctive relief compelling Defendants to restore Plaintiff to his previous rank, title, pay, privileges, and benefits;

q) A judgement stating that Defendants' conduct complained of herein is a violation of the First Amendment of the U.S. Constitution;

r) Award compensatory damages in favor of Plaintiff;

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

s) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

t) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT VI- UNLAWFUL RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
### (Against Defendant Edler in her Individual Capacity)

162) Plaintiff re-alleges, and incorporates paragraphs one (1) through eighty-three (83), and paragraphs one-hundred and one (101) through one-hundred and ten (110) and paragraphs one-hundred and twenty-eight (128) through one-hundred and forty-three (143) above as if fully set forth herein.

163) "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

164)   Defendants' actions as described herein violated Plaintiff's Free Speech rights under the color of state law.

165)   Defendant Edler used her position as Escambia County Medical Director to abuse her authority, and her actions complained of herein were motivated by personal animus towards Plaintiff, and she intentionally, and unlawfully retaliated against him in violation of Plaintiff's First Amendment rights.

166)   Specifically, Defendant Edler engaged in a campaign of retaliation against Plaintiff upon learning of Plaintiff's report against her regarding the inappropriate QA meeting.

167)   Defendant Edler's acts or omissions were in violation of clearly established law.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

168)   Defendant ECBCC's own representatives Dosh, and Spainhower both noted that Defendant Edler's conduct appeared to be retaliatory and harassing in nature in response to Plaintiff filing an HR complaint against Edler.

169)   Plaintiff's complaint against Edler is Free Speech protected under the First Amendment.

170)   Plaintiff is entitled to compensatory punitive damages against Defendant Edler individually as her conduct violated well-established Florida, and federal laws, was retaliatory in nature, and Defendant Edler further acted recklessly and with callous indifference towards Plaintiff's rights under the First Amendment.

171)   As a direct and proximate result of Defendant Edler's unlawful actions in her individual capacity, Plaintiff has suffered, and continues to suffer the deprivation of his due process rights, and he has suffered and

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

continues to suffer diminished pay, loss of seniority, loss of benefits, and loss of advancement opportunities.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

u) Trial by jury on all contested factual issues in this matter;

v) Preliminary/permanent injunctive relief compelling Defendants to restore Plaintiff to his previous rank, title, pay, privileges, and benefits;

w) A judgement stating that Defendant Edler's conduct in her individual capacity complained of herein is a violation of the First Amendment of the U.S. Constitution;

x) Award punitive damages in favor of Plaintiff;

y) Award compensatory damages in favor of Plaintiff;

z) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

aa) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT VII- UNLAWFUL RETALIATION PURSUANT TO FLORIDA STATUTE SECTION 112.3187
## (Against Defendant Edler in her Official Capacity and Defendant ECBCC)

172) Plaintiff re-alleges, and incorporates paragraphs one (1) through eighty-three (83) above as if fully set forth herein.

173) Pursuant to Section 112.3187, Florida Statutes (the Whistle-blower's Act), the following actions are prohibited:

a) An agency or independent contractor shall not dismiss, discipline, or take any other adverse personnel action against an employee for disclosing information pursuant to the provisions of this section; and

b) An agency or independent contractor shall not take any adverse action that affects the rights or interests

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

of a person in retaliation for the person's disclosure

of information under this section.

Fla. Stat. § 112.3187(4) (2019).

174) The Whistle-Blower's Act protects employees and persons who disclose information on their own initiative in a written and signed complaint. Fla. Stat. § 112.3187(7) (2019).

175) Protected disclosures under the Whistle-blower's Act include:

a) Any violation or suspected violation of any federal, state, or local law, rule, or regulation committed by an employee or agent of an agency or independent contractor which creates and presents a substantial and specific danger to the public's health, safety, or welfare; and

b) Any act or suspected act of gross mismanagement, malfeasance, misfeasance, gross waste

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

> of public funds, suspected or actual Medicaid fraud
> or abuse, or gross neglect of duty committed by an
> employee or agent of an agency or independent
> contractor.

Fla. Stat. § 113.3187(5) (2019).

176) At all times material, Plaintiff was Defendants' employee, and protected by the provisions of the Whistle-blower's Act.

177) Here, Plaintiff filed a written complaint against Defendant Edler on or about May 1, 2019, objecting to the inappropriate QA meeting, and the resulting due process violations.

178) Subsequent to the QA meeting, Plaintiff worked in his full capacity as a paramedic with no restrictions for approximately 23 days.

179) However, shortly after Defendant Edler learned that Plaintiff had filed a complaint against her, Defendant Edler began imposing disciplinary measures against Plaintiff; specifically, Defendant Edler caused

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

Plaintiff to be demoted to administrative duties, and then as an EMT working under an FTO.

180)   Defendant Edler then engaged in a calculated effort to impugn the reputation of Plaintiff, in an attempt to prevent Plaintiff from returning to work as a paramedic; going so far as to contact Plaintiff's Santa Rosa County employer, and allege that Plaintiff is not qualified to work as a paramedic.

181)   The actions complained of herein are part of a continuing effort to retaliate against Plaintiff for reporting Defendant Edler's inappropriate conduct, in violation of Fla. Stat. § 112.3187 (2019); in fact, Defendant's retaliatory conduct continues as of the filing of this Complaint, as Plaintiff has yet to be restored to his previous position, and Defendant Edler has interfered with Plaintiff's additional employment by contacting his other employer, and disparaging Plaintiff's qualifications.

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

182) In fact, due to languishing in a demoted role, and Defendants' continued failure or refusal to afford Plaintiff due process for more than ten (10) months, Plaintiff was recently not allowed to attend meeting of the EMS supervisors (which he had attended in the past) due to the limitations placed upon him by Defendants, and he forced to resign his position.

183) Plaintiff has exhausted his administrative remedies, or alternatively, Defendants have prevented Plaintiff from exhausting his administrative remedies.

184) Plaintiff has incurred attorney's fees and costs in bringing this action.

WHEREFORE, Plaintiff prays for relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;

b) Award compensatory damages in favor of Plaintiff;

c) Award punitive damages in favor of Plaintiff;

First Amended Complaint – Selover v. Esc. County Board of County Commissioners

d) Award Attorney's fees, statutory fees, and costs pursuant to Fla. Stat. § 112.3187.

e) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

### PLAINTIFF DEMANDS A TRIAL BY JURY

DATED this 23rd day of April, 2020.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
TRAVIS P. LAMPERT, ESQ.
FL Bar No. 0099843
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*

First Amended Complaint – Selover v. Esc. County Board of County Commissioners