

**ESCAMBIA COUNTY**

**INTER-OFFICE MEMORANDUM**

TO: Matt Coughlin, Interim County Administrator
FROM: Charles V. Peppler, Deputy County Attorney *CVP*
DATE: May 31, 2019
RE: Extent of Authority by Dr. Rayme Edler and Disciplinary Actions Involving Captain Matthew Selover

You have asked me to give my opinion concerning the extent of authority by Dr. Edler under Florida law. Medical directors for Emergency Medical Services are governed by Section 401.265, Fla. Stat. and F.A.C. Section 64J-1.004. I have attached copies of each. Although Section 401.265(1) provides that medical directors supervise and assume direct responsibility for the medical performance of EMTs and paramedics, the statute also provides that a medical director's duties do not include administrative or managerial functions. In my opinion, disciplinary actions against an employee would be part of the managerial function that you, as the ultimate supervisor of all County employees, would exercise together with John "J.D." Dosh as Interim Director of the Public Safety Department.

In the scenario that you described to me of Dr. Edler requesting that Captain Selover no longer be permitted to perform paramedic duties, I am of the opinion that Dr. Edler would be exceeding her authority to demand that Captain Selover be relieved of his duties as a paramedic and perform his duties only as an EMT. This action would be the same as a demotion which is governed by the County's disciplinary policy. The County's disciplinary policy provides for progressive discipline in which the penalties become more severe depending on the number and gravity of the transgressions. Moreover, Captain Selover has certain due process rights under our disciplinary policy including appeal rights to the Merit Systems Protection Board.

In reviewing Section 64J-1.004 which is captioned "Medical Direction," I do not see any language in this regulation which permits the Medical Director to reduce the certification level of a paramedic who performs advanced life support (ALS) services to that of an EMT who is limited to basic life support (BLS) services. Dr. Edler, according to Section 64J, must meet certain

requirements regarding developing training programs, assuring paramedics and EMTs follow prescribed protocols in various treatmen techniques as first responders. However, I see no language whe Medical Director can unilaterally determine that a Paramedic can no perform ALS services and is to be limited to BLS services.

Please let me know if I can provide further assistance.

CVP: kcc
Attachments