# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MATHEW SELOVER

    Plaintiff,

vs.                                CASE NUMBER: 3:20-CV-4698-TKW-HTC

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.

_____/

## JOINT REPORT OF PARTIES' PLANNING MEETING

COMES NOW, the Plaintiff, **MATTHEW SELOVER,** and Defendants, **ESCAMBIA COUNTY BOARD OF COUNTY COMMISSIONERS and RAYME EDLER,** by and through their undersigned counsel, and pursuant to this Court's initial scheduling order, Fed. R. Civ. P. 26(f), and Fed. R. Civ. P. Official Form 52, hereby submit this joint report of their attorney conference and move to amend the initial scheduling order, as follows:

    1.    **Conference.** A conference of all parties was held on **April 13, 2020**, via telephone, and included the following participants:

        Jeremiah J. Talbott, Esq., Counsel for Plaintiff;

        Katie Gudaitis, Esq., Counsel for Defendant, Escambia
        County Board of County Commissioners; and

Cecily L. Kaffer, Esq., Counsel for Defendant, Rayme Edler.

2. **Initial Disclosure**: The parties will exchange by May 11, 2020, the information required by Rule 26(a)(1) of the Initial Scheduling Order.

3. **Discovery Plan**: The parties request that the Court extend the Court's currently discovery plan because the unique facts and circumstances in this matter will require additional time for discovery.

First, both defendants previously filed motions to dismiss. Before the Court ruled on those motions, Plaintiff filed an Amended Complaint. Both defendants are currently preparing renewed motions to dismiss, which per the Court's order are due to be filed on May 8, 2020. Plaintiff will respond to the motions by May 22, 2020. The Court's rulings may obviate the need for discovery or may streamline and minimize the issues in dispute.

Second, the Court has previously taken Dr. Edler's motion to stay discovery (Doc. 9) under advisement and tolled the deadline for her to respond to Plaintiff's discovery requests.

Third, Plaintiff's claims arise from his employment in Escambia County's Emergency Medical Service ("EMS"). Dr. Edler is an emergency medicine specialist who is the Medical Director of Escambia County, the Medical Director for the Escambia County Jail, and the Medical Director for Escambia County Emergency Medical Services. In addition to her county duties, Dr. Edler works

in the Emergency Department of Baptist Hospital, Pensacola. Due to the COVID-19 pandemic, Dr. Edler has been working extra shifts at the hospital. Both Dr. Edler and the County have an increased workload. Most of the witnesses in this case will be various employees of Escambia County, Florida, including EMS employees. Thus, the parties anticipate additional delays in conducting these depositions due to work obligations during the pandemic.

Fourth, the parties anticipate extensive discovery including interrogatories, request for production and at least 10 depositions per side. Given the volume of documents that will have to be produced, including e-discovery, the parties believe that additional time will be necessary.

Based on the above, the parties believe that it would take approximately ten (10) months to complete discovery once discovery is allowed to proceed and thus jointly propose the following deadlines:

    a.    Discovery will be needed by each party on the following subjects:

        (1)    All aspects of the complaint filed by the plaintiff;

        (2)    All defenses set forth by the defendants;

    b.    All discovery is to be commenced in time to be completed within ten (10) months after the Court rules on the Defendants "qualified immunity" defense or otherwise when the Court permits discovery to begin. Once

the Court rules on the "qualified immunity" defense and allows discovery to begin, the parties will supplement this Joint Report with exact dates.

      c.      The number of interrogatories by each party to any other party shall be consistent with the Federal Rules of Civil Procedure.

      d.      Requests to produce and requests for admissions by each party to any other party shall be consistent with the Federal Rules of Civil Procedure.

      e.      At this stage, the parties request the number of depositions be limited to 10 per side. However, the parties discussed that additional depositions may be necessary. The parties will work together if any party requests additional depositions, but reserve the right to ask the Court to extend the limit if they are not able to agree.

      f.      Each deposition shall have a time limit of 7 hours unless the parties agree otherwise.

      g.      Disclosure of the identity of and reports from the retained experts of the party with the burden of proof on an issue shall be due 90 days before the close of discovery, based on the ten (10) month discovery deadline as noted above. Defendants' will be due by 45 days before the close of discovery, based on the ten (10) month discovery deadline as noted above.

      h.      Supplementation under Rule 26 shall be due as may be warranted pursuant to Rule 26(e).

      i.      Written discovery shall be served so that the answers are to be due before the close of discovery.  Motions to Compel shall be filed as soon as practicable, taking into consideration the parties' requirements to act in good faith in resolving any discovery disputes as required by L.R. 7(1).

    4.    **Other Items**:

      a.    The parties do not request a conference with the Court before entry of the scheduling order.

      b.    The parties request a pretrial conference as soon as practicable after rulings on dispositive motions and mediation has occurred.

      c.    Plaintiff should be allowed until September 3, 2020 to join additional parties and amend the pleadings.

      d.    Defendants should be allowed until October 1, 2020 to join additional parties and amend the pleadings.

      e.    All potentially dispositive motions should be filed within 30 days following expiration of the discovery deadline.

      f.    It is difficult to determine the prospects of settlement at this time, but the parties are willing to discuss settlement and request a mediation deadline of 30 days before the expiration of the discovery deadline.

      g.    As set forth in the Court's Initial Scheduling Order, the Court will enter an order after the completion of discovery which will set a pretrial conference and will specify the parties' comprehensive trial disclosure and preparation requirements, which includes the final list of witnesses and exhibits under Rule 26(a)(3).

      h.    The case should be ready for trial by September 2021 and trial is expected to take approximately 7 days exclusive of jury

selection.

5. The parties respond to the matters set forth in paragraph 2 (a) i-ix as follows:

   i. The parties have discussed magistrate judge jurisdiction.

   ii. <u>Nature and claims of Defenses.</u>

   1. Plaintiff

      The Plaintiff's claims arise out of his employment with Defendant Escambia County, in the Emergency Medical Service in which Dr. Edler is Medical Director. In <u>Count One</u>, the Plaintiff alleges that the Defendants, Rayme Edler in her official capacity and Escambia County Board of County Commissioners, violated his Fourteenth Amendment Procedural Due Process Rights. In <u>Count Two</u>, the Plaintiff alleges that the Defendant, Rayme Edler in her individual capacity, violated his Fourteenth Amendment Rights. In <u>Count Three</u>, the Plaintiff alleges that the Defendant, Rayme Edler in her individual capacity, violated his Fourteenth Amendment Substantive Property rights. In <u>Count Four</u>, Plaintiff alleges that the Defendant, Rayme Edler in her individual capacity, violated his Fourteenth Amendment Substantive Property Rights. In <u>Count Five</u>, the Plaintiff alleges that the Defendants, Rayme Edler in her official capacity and Escambia County Board of County Commissioners, violated his First and Fourteenth Amendment Rights by unlawful retaliation against the Plaintiff. In <u>Count Six</u>, Plaintiff alleges that the Defendant, Rayme Edler in her individual capacity, violated his First and Fourteenth Amendment Rights by unlawful retaliation. In <u>Count Seven,</u> Plaintiff alleges that the Defendants, Rayme Edler in her official capacity and Escambia County Board of County Commissioners, violated Florida Status Section 112.3187 by unlawful retaliation.

2. Defendants

The Defendants deny these allegations. In addition, Escambia County Board of County Commissioners contends that Plaintiff cannot establish municipal liability. In addition, Dr. Edler asserts the defenses of qualified and absolute immunity.

Dated: April 29th, 2020.

| | |
|---|---|
| **/s/ JEREMIAH J. TALBOTT**<br>JEREMIAH J. TALBOTT<br>Florida Bar No. 0154784<br>Law Office of Jeremiah J. Talbott, P.A.<br>900 East Moreno Street<br>Pensacola, FL 32503<br>(850) 437-9600<br>(850) 437-0906 (facsimile)<br>jjtalbott@talbottlawfirm.com<br>*Attorney for Plaintiff* | **/s/ KATIE GUDAITIS**<br>KATIE GUDAITIS<br>Florida Bar No. 106954<br>Lydecker Diaz<br>1221 Brickell Avenue, 19th Floor<br>Miami, FL 33131<br>(305) 416-3180<br>(305) 416-3190 (facsimile)<br>kg@lydeckerdiaz.com<br>*Attorney for Defendant Escambia County Board of County Commissioners* |
| **/s/ CECILY L. KAFFER**<br>CECILY L. KAFFER<br>Pro hac vice<br>Alabama Bar No. ASB-5953-R66C<br>The Kullman Firm<br>PO Box 1287<br>Mobile, AL 36633<br>(251) 378-2213<br>(251) 433-1230 (facsimile)<br>clk@kullmanlaw.com<br>*Attorney for Defendant Rayme Edler* | |