DEPARTMENT OF HEALTH,
BUREAU OF EMERGENCY MEDICAL SERVICES

ORDER FACT SHEET
(For use by Bureau Counsel and Staff)

Order # 07-2413 D5
Date Order Filed 11·1·07

1) **Petitioner's Name:** Miami-Dade Fire Rescue

2) **License Number:** N/A    3) **Profession Type:** N/A

4) **Type of Order:** ☐ Discipline  ☐ Licensure  ☒ Declaratory Statement

5) **DOH Case Number:** 2007-0102    6) **DOAH Case Number:**

7) **File Number:**

8) **Statutory reference for Violations/Reasons for Denial:** N/A

9) **Violation Codes:**

10) **Penalties Imposed:**

11) **Closure Code:**

12) **Exhibits to be Attached to Final Order:**

   a) Administrative Complaint ☐

   b) Consent Agreement/Stipulation ☐

   c) Recommended Order ☐

      Exceptions: Petitioner's ☐  Respondent's ☐

   d) Motions (specify):

   e) Other (specify): Petition for Declaratory Statement

12) **Special Handling Instructions:**

13) **Fact Sheet Prepared By:** April A. Thornton

14) **Codes Added to Fact Sheet By:** Donna Erlich

15) **Exhibits Attached to Order By:** April A. Thornton

EXHIBIT 1

STATE OF FLORIDA
DEPARTMENT OF HEALTH

IN RE: Miami-Dade Fire Rescue

Petition for Declaratory Statement.      DOH 20u/-0102
_____/

Final Order No. DOH-07-2413-____-MQA
FILED DATE -_____
Department of Health
By: _____
Deputy Agency Clerk

## FINAL ORDER GRANTING PETITION FOR DECLARATORY STATEMENT

On July 27, 2007, Miami-Dade Fire Rescue ("MDFR") filed the attached Petition for Declaratory Statement ("Petition") pursuant to section 120.565, Florida Statutes and chapter 28-105, Florida Administrative Code. Department deems the facts as asserted by MDFR in the Petition sufficient to trigger this Declaratory Statement.

### PRELIMINARY COMMENTS

A.  The answers here do not address the relationship between the Medical Director and the licensee.

B.  Though each question was limited to physicians licensed under Chapter 458, such distinction is irrelevant to the answers. Therefore the questions are addressed below as solely regarding Medical Directors as defined in section 401.23(15), Florida Statutes.

C.  The questions use terms such as "medical practice privileges", "medical practice", "medical procedures", "medical supervisory authority", "competency" and "competency deficit." These are not terms present in either Part III, Chapter 401, Florida Statutes, or Chapter 64E-2, Florida Administrative Code. To avoid unintentionally creating new nomenclature, the answers avoid the use of these terms.

## FINDINGS OF FACT

A.  Petitioner is a licensee as defined in section 401.23(13), Florida Statutes.

B.  Petitioner seeks to understand the scope of authority a licensee's Medical Director has over Paramedics and Emergency Medical Technicians operating under the licensee (hereinafter "Certificate holders") by the questions stated in the attached petition.

## CONCLUSIONS OF LAW

A.  The Medical Director has direct responsibility for the medical performance of all Certificate holders operating for the licensee. §401.265(1), F.S.

B.  The obligation of direct responsibility is accompanied by the supervisory authority necessary to require that the medical performance of the Certificate holders is of a quality and type for which the individual Medical Director is willing to take direct responsibility. Id. The exercise of this supervisory authority by the Medical Director is a mandatory part of the job. Id. Consistent with that supervisory authority, the Medical Director advises, consults, trains, counsels and oversees services. Id. The oversight of services includes, but is not limited to, appropriate quality assurance programs. Id.

C.  The Medical Director must develop medically correct standing orders and protocols. 64E-2.004(4)(a), F.A.C.

D.  The Medical Director must assess the medical performance of the Certificate holders. 64E-2.004(4)(b), F.A.C. To gather data in aid of assessment and as part of general quality assurance, which includes the continuous improvement of performance for individuals, services and the industry, the Medical Director audits the performance of all system personnel. Id. This audit includes, but is not limited to,

review of patient care records, direct observation, and comparison of performance standards for drugs, system protocols and procedures. Id.

E. The Medical Director must supervise the medical performance of the Certificate holders operating for the licensee. §401.265(1), F.S. Supervisory authority enables the Medical Director to condition whether and how Certificate holders perform medically upon assessment of the Certificate holder's potential ability to comply with requirements, including standing orders and protocols, developed or adopted by the Medical Director, as well as the Certificate holder's actual compliance with such requirements. Id.

Based upon the above, the questions are answered together as follows:

**The Medical Director has the authority to condition, limit, modify or suspend the Certificate holder's medical performance while operating for the licensee consistent with the Medical Director's direct responsibility for the medical performance of all Certificate holders operating for the licensee.**

**Such conditioning, limitation, modification or suspension of a Certificate holder's medical performance while operating for the licensee can include requirement of completion of Medical Director identified training as a precondition for some or all parts of the Certificate holder's medical performance while operating for the licensee.**

DONE AND ORDERED this 30th day of October, 2007.

Jean L. Kline, R.N., B.S.N., M.P.H.
Deputy Secretary for Health
State Public Health Nursing Director
Florida Women's Health Officer

Attachment

Copies to:

| | |
|---|---|
| Tarlesha W. Smith, Esq.<br>Human Resources Division Manager<br>Miami-Dade Fire Rescue<br>9300 NW 41 Street<br>Doral, FL 33178-2414 | Michael A. Greif, Senior Attorney<br>Office of the General Counsel<br>Department of Health<br>4052 Bald Cypress Way, Bin A-02<br>Tallahassee, FL 32399-1703 |

## NOTICE OF RIGHT TO JUDICIAL REVIEW

A PARTY ADVERSELY AFFECTED BY THIS FINAL ORDER IS ENTITLED TO JUDICIAL REVIEW PURSUANT TO SECTION 120.68, FLORIDA STATUTES. A REVIEW PROCEEDING IS GOVERNED BY THE FLORIDA RULES OF APPELLATE PROCEDURE. A PROCEEDING IS COMMENCED BY FILING A NOTICE OF APPEAL WITH THE CLERK OF THE DEPARTMENT OF HEALTH AND A COPY ACCOMPANIED BY THE FILING FEE WITH THE DISTRICT COURT OF APPEAL IN THE APPELLATE DISTRICT WHERE THE PARTY RESIDES OR THE FIRST DISTRICT COURT OF APPEAL. A NOTICE OF APPEAL MUST BE FILED WITHIN 30 DAYS OF THE FILING DATE OF THIS FINAL ORDER.

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing FINAL ORDER has been sent by U.S. Mail, inter-office mail, or by hand delivery to each of the above-named persons this ___1___ day of ___November___, 2007.

[signature]
Deputy Agency Clerk
Department of Health
Central Records
4052 Bald Cypress Way, Bin C01
Tallahassee, Florida 32399-3251
Phone (850) 245-4121

**Deputy Agency Clerk**

**Miami-Dade Fire Rescue Department**
9300 N.W. 41st Street
Doral, Florida 33178-2414
T 786-331-5000

miamidade.gov

Always Ready, Proud To Serve

Serving Unincorporated
Dade County and the
Municipalities of:

Aventura

Bal Harbour

Bay Harbor Islands

Biscayne Park

Doral

El Portal

Florida City

Golden Beach

Hialeah Gardens

Homestead

Indian Creek

Islandia

Medley

Miami Gardens

Miami Lakes

Miami Shores

Miami Springs

North Bay Village

North Miami

North Miami Beach

Opa-locka

Palmetto Bay

Pinecrest

South Miami

Sunny Isles

Surfside

Sweetwater

Virginia Gardens

West Miami

July 25, 2007

R. Samuel Power
Agency Clerk's Office
Central Records Unit
Department of Health
4052 Bald Cypress Way, Bin C01
Tallahassee, FL 32399-3251

Re: Petition for Declaratory Statement

Dear Mr. Power,

Enclosed please find a Petition for Declaratory Statement to the Bureau of Emergency Medical Services. I am respectfully requesting review by the aforementioned agency. Your prompt attention to this matter is greatly appreciated. Thank you in advance for your time and cooperation.

Respectfully submitted,

Tarlesha W. Smith, Esq.
Human Resources Division Manager
Miami-Dade Fire Rescue




*Always Ready, Proud To Serve*

Serving Unincorporated Dade County and the Municipalities of:

Aventura
Bal Harbour
Bay Harbor Islands
Biscayne Park
Doral
El Portal
Florida City
Golden Beach
Hialeah Gardens
Homestead
Indian Creek
Islandia
Medley
Miami Gardens
Miami Lakes
Miami Shores
Miami Springs
North Bay Village
North Miami
North Miami Beach
Opa-locka
Palmetto Bay
Pinecrest
South Miami
Sunny Isles
Surfside
Sweetwater
Virginia Gardens
West Miami

Miami-Dade Fire Rescue Department
9300 N.W. 41st Street
Doral, Florida 33178-2414
T 786-331-5000

miamidade.gov

FILED
DEPARTMENT OF HEALTH
DEPUTY CLERK
CLERK: [signature]
DATE 7·27·07

## Petition for Declaratory Statement Before the Department of Health, Bureau of Emergency Medical Services

I, Human Resources Division Manager, Tarlesha W. Smith, Esq., of Miami-Dade Fire Rescue, am seeking a declaratory statement under Rules 28-105.001 and 28-105.002, F.A.C, and Section 120.565, F.S., relating to the supervisory relationship between an emergency medical technician (EMT) or paramedic to a physician who is a medical director pursuant to 401.265 F.S.

1.  Does a physician licensed under chapter 458, F.S., who is serving as an emergency medical services (EMS) medical director pursuant to 401.265, F.S., have the authority to remove medical practice privileges from an EMT or paramedic (practicing under said physician) that the physician concludes has a deficiency in any area of medical practice?

2.  Does a physician licensed under chapter 458, F.S., who is serving as an EMS medical director pursuant to 401.265, F.S., have the authority to limit the medical procedures performed by an individual EMT or paramedic practicing under the medical supervisory authority of the physician?

3.  Does a physician licensed under chapter 458, F.S., who is serving as an EMS medical director pursuant to 401.265, F.S., have the authority to require specific training in protocols, proscribe and / or prescribe practice of procedures, or require medical training for an EMT or paramedic?

4.  Does a physician licensed under chapter 458, F.S., who is serving as an EMS medical director pursuant to 401.265, F.S., have the authority to require an EMT or paramedic demonstrate competency through a process defined by the physician, in any area of medical practice when the physician concludes the EMT or paramedic has a competency deficit?

Should you require additional information, please do not hesitate to call me at 786-331-4608.

Respectfully submitted,

[signature]

Tarlesha W. Smith, Esq.
Human Resources Division Manager
Miami-Dade Fire Rescue

July 25, 2007