UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MATHEW SELOVER**,

    **Plaintiff**,

v.                                           Case No. 3:20cv4698-TKW-HTC

**ESCAMBIA COUNTY BOARD OF COMMISSIONERS** and **RAYME EDLER**,

    **Defendants**.

_____/

## ORDER DENYING MOTION TO STAY DISCOVERY

This case is before the Court on Defendant Rayme Edler's motion to stay discovery (Doc. 9) and Plaintiff's response in opposition (Doc. 18). Upon due consideration of these filings and the case file, the Court finds that the motion to stay is due to be denied.

This suit arises out of alleged adverse employment actions taken against Plaintiff while he was working as a paramedic for Escambia County. The now-operative amended complaint asserts seven counts against the County and Dr. Edler under both federal and state law. Some of the claims against Dr. Edler name her in her official capacity as Escambia County Medical Director, and others name her in her individual capacity under 42 U.S.C. §1983. Dr. Edler filed an amended motion to dismiss in which she raised the defense of qualified immunity as to the individual-

capacity claims, *see* Doc. 32, and she sought a stay of discovery pending the Court's ruling on her qualified immunity defense.[1]

Although "district courts [have] broad discretion over the management of pre-trial activities, including discovery," *Johnson v. Bd. Of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001), "motions to stay discovery are disfavored . . . because stays typically delay resolution of a case and extend the life of a case beyond an acceptable time period," *McMillan v. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 191249, at *4 (N.D. Fla. Oct. 21, 2013). When ruling on a motion to stay discovery pending disposition of a motion to dismiss, "[t]he Court must balance the harm produced by [the] delay against the possibility that the motion will be granted and entirely eliminate the need for discovery." *Id.* That said, if the claim that is subject to the motion to dismiss is "especially dubious" or "significantly enlarges the scope of discovery," the district court should rule on the motion to dismiss before entering discovery orders. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997); *see also Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (explaining that "the 'driving force' behind creation of the qualified immunity doctrine was a

---

[1] Dr. Edler filed the motion to stay in advance of filing her motion to dismiss the original complaint because of the impending deadline for her to respond to Plaintiff's outstanding discovery requests. The Court tolled the deadline for Dr. Edler to respond to the discovery requests until it ruled on the motion to stay. *See* Doc. 14. Then, after Plaintiff filed an amended complaint that rendered Dr. Edler's original motion to dismiss moot, *see* Doc. 21, the Court deferred ruling on the motion to stay until Dr. Edler responded to the amended complaint. Because Dr. Edler again raised the defense of qualified immunity in her motion to dismiss the amended complaint, the motion to stay is now ripe for a ruling.

desire to ensure that '"insubstantial claims" against government officials [will] be resolved prior to discovery'") (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, n.2 (1987)) (alternations in original).

Here, the individual-capacity claims against Dr. Edler do not appear to be especially dubious because they are based, in part, on Dr. Edler allegedly acting in contravention of a legal opinion issued by the County Attorney, a copy of which was attached to the amended complaint.[2] Nor do the individual-capacity claims against Dr. Edler appear to significantly enlarge the scope of discovery because there is a substantial overlap between these claims and the official-capacity claims against Dr. Edler and the claims against the County.

Moreover, as the proponent of the motion to stay, Dr. Edler did not establish that her motion to dismiss the individual-capacity claims against her is likely to be granted or that the possibility of the motion being granted would outweigh the harm resulting from a stay of discovery. Indeed, based on the Court's preliminary review of the pending motions to dismiss (Docs. 31, 32), the prospect that <u>all</u> the claims in

---

[2] The Court has not overlooked Dr. Edler's argument that the County Attorney's opinion notwithstanding, she had the authority to take the actions she did regarding Plaintiff under §401.265, Fla. Stat., and the administrative guidance interpreting that statute. Even so, the individual-capacity claims appear to be at least colorable because, among other things, they challenge the process by which Dr. Edler took the statutorily-authorized actions. *See* Doc. 20, at 33-38 (¶¶100-110) (alleging that Plaintiff was not provided meaningful notice of, and thus opportunity to be heard at, the quality assurance meeting).

the amended complaint will be dismissed seems unlikely,[3] and because Dr. Edler is a central figure in the events giving rise to the claims, she cannot avoid discovery altogether if some claims survive even if the individual-capacity claims against her are dismissed.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Dr. Edler's motion to stay discovery (Doc. 9) is **DENIED**.

2. Dr. Edler shall respond to the outstanding discovery requests within 14 days of the date of this Order, unless the parties agree to a later deadline.

**DONE and ORDERED** this 19th day of May, 2020.

*T. Kent Wetherell, II*

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[3] This preliminary view is obviously subject to change after closer review of the parties' filings.