**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MATHEW SELOVER

      Plaintiff,

vs.                                        CASE NUMBER: 3:20-CV-4698-
                                                  TKW-HTC

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

      Defendants.

_____/

**PLAINTIFF'S *RESPONSE IN OPPOSITION TO DEFENDANT RAYME EDLER'S (INDIVIDUAL CAPACITY) MOTION TO DISMISS***

## I.    <u>INTRODUCTION</u>

This case concerns Defendant Rayme Edler (Edler), abusing her authority as the Escambia County Medical Director to discipline and retaliate against an Escambia County employee, i.e., Plaintiff Mathew Selover, in retaliation for complaints of inappropriate work conduct that Plaintiff filed against Defendant Edler. This case also concerns the Escambia County Board of County Commissioners' (the Board) policy, practice, or custom of ignoring previous complaints against Defendant Edler and allowing Defendant Edler carte blanche authority to discipline Plaintiff without adhering to the Board's written policies, essentially ratifying Defendant Edler's conduct.

Defendants'[1] conduct caused the deprivation of Plaintiff's due process rights in that Plaintiff had a clearly established right to notice, service, escalating disciplinary measures, and appeal rights prior to suffering any disciplinary measures, including discharge, but Defendants did not provide Plaintiff with same, and they failed or refused to provide a pre or post deprivation hearing, preventing Plaintiff from seeking redress for the deprivation of his rights within a meaningful time. Thus, in an effort to vindicate his rights, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, and the Florida Whistle-blower's Act, Fla. Stat. § 112.3187 (FWA).

Defendant Edler has moved to dismiss the FAC, arguing that the FAC fails to state a claim upon which relief may be granted because, according to Defendant Edler, she is entitled to qualified immunity. For the reasons stated below, Defendant Edler's arguments are without merit, thus Plaintiff respectfully requests that this Court DENY Defendant Edler's motion to dismiss.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

For a recitation of the factual allegations which are relevant for purposes of Plaintiff's response to Defendant Edler's Motion to Dismiss, please refer to Section II of Plaintiff's response to the Board's Motion to Dismiss [ECF No. 36] which is incorporated herein by reference.

---

[1] Hereinafter, Defendant Edler and the Board are collectively referred to as "Defendants."

### III.   <u>MEMORANDUM OF LAW</u>

a.   **MOTION TO DISMISS LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard does not require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Eleventh Circuit has stated that "a complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Thomas v. Town of Davie,* 847 F.2d 771,773 (11th Cir. 1988) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957). The issue to be decided in considering a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Thus, a Plaintiff must allege enough facts to state a claim of relief that is merely plausible on its face. *Twombly*, 550 U.S. at 570 (2007). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court

to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* Also, the discretion to dismiss a complaint without leave to amend is "severely restrict[ed] by Fed. R. Civ. P. 15(a) which directs that leave to amend "shall be freely given when justice so requires." *Thomas supra* at 773 (citing *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597 (5th Cir. 1981)). "Rule 12(b)(6) dismissals are especially disfavored in cases where the complaint sets forth a novel legal theory that can best be assessed after factual development." *Wright v. North Carolina*, 787 F.3d 256, 263 (4th Cir. 2015) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004) (quoting *Baker v. Cuomo*, 58 F.3d 814, 818-19 (2d Cir. 1995))).

**b.   CAUSE OF ACTION UNDER 42 U.S.C. § 1983**

Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983. "Through § 1983, Congress sought to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by

a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Under § 1983, "[p]ersonal capacity suits . . . seek to impose individual liability upon

a government officer for actions taken under the color of state law." *Hafer v. Melo*,

502 U.S. 21, 25 (1991). Whether a municipality is liable under § 1983 is a separate,

and distinct analysis compared to whether an individual is liable under § 1983. *See*

*Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994) (analyzing

municipal liability under § 1983); cf. *Davison v. Randall*, 912 F.3d 666 (4th Cir.

2019) (analyzing individual liability under § 1983).

      The plaintiff in a personal capacity suit need not establish a connection to a

governmental policy or custom. *Hafer*, 502 U.S. at 25. "On the merits, to establish

personal liability in a § 1983 action, it is enough to show that the official, acting

under color of state law, caused the deprivation of a federal right." *Ky. v. Graham*,

473 U.S. 159, 166 (1985). "A person acts under the color of state law when he acts

with authority possessed by virtue of his employment with the state, or when the

manner of his conduct . . . makes clear that he was asserting the authority granted

him and not acting in the role of a private person." *Myers v. Bowman*, 713 F.3d 1319,

1329-30 (11th Cir. 2013) (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303

(11th Cir. 2001); and *Williams v. United States*, 341 U.S. 97, 100 (1951) (internal

quotations omitted)). Claims brought pursuant to the First or Fourteenth Amendment

require a showing of "state action." *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S.

40, 49-50 (1999); *Manhattan Cmty. Access Corp v. Halleck*, 139 S. Ct. 1921, 1928 (2019).

However, "it is clear that in a §1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 929 (1982). "[S]tate action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295 (2001). "What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity." Id. "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Griffin*, 261 F.3d at 1303 (quoting *Edwards v. Wallace Community College*, 49 F.3d 1517, 11523 (11th Cir. 1995)). "It is firmly established that a defendant in a § 1983 suit acts under color of law when he abuses the position given to him by the State." *Id.* (citing *United States v. Classic*, 313 U.S. 299, 326 (1941).

Considering the above framework, to state a claim for procedural due process, a plaintiff must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (internal

quotations omitted). A claim of entitlement to a property interest must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 345 (1976). "A property interest can . . . be created by ordinance, or by an implied contract." *Id.* "The essential requirements of due process . . . are notice and opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

c.    **QUALIFIED IMMUNITY**

"Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for the suit violates clearly established federal statutory or constitutional rights which a reasonable person would have known." *Gaines v. Wardynski*, 871 F.3d 1203, 1206 (11th Cir. 2017). Qualified immunity "does not extend to one who knows or reasonably should have known that his or her actions would violate the plaintiff's federal rights." *Id.* at 1207 (citing *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017). In the Eleventh Circuit, courts look to whether the defendant had fair warning that the conduct at issue violated a constitutional right. *Id.* 1208.

There are three methods to show fair warning:

*First*, the plaintiffs may show that a materially similar case has already been decided. *Second*, the plaintiffs can point to a broader, clearly established principle that should control the novel facts of the situation. *Finally*, the conduct involved in the case may so obviously violate the constitution that prior case law is unnecessary.

*Id.* (quoting *Terrell v. Smith*, 668 F.3d 1244, 1255-56 (11th Cir. 2012)). "[A]n exact factual analogue does not have to exist for a defendant to be on notice . . ." that their conduct is violating a clearly established right. *Allred v. City of Carbon Hill, Ala.*, 2014 U.S. Dist. LEXIS 151443, *24 (M.D. Ala. Oct. 24, 2014) (citing *Thomas v. McKee*, 205 F.Supp. 2d 1275, 1288 n.13 (M.D. Ala. 2002). Additionally, courts should define the clearly established right at issue on the basis of the specific context of the case. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

In determining whether a defendant's acts are discretionary, the Court conducts a two-fold inquiry asking "whether the government employee was (1) performing a legitimate job-related function, (2) through means that were within his power to utilize . . . ." *O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir. 2004). The party seeking qualified immunity has the burden of showing that they were acting within the scope of their discretionary authority. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

## d.   ARGUMENT

Defendant Edler has moved to dismiss Counts II, IV, and VI[2] of the FAC, arguing that dismissal is appropriate because, according to Defendant Edler, she is

---

[2] Plaintiff does not dispute dismissal of Counts IV, and VI.

entitled to qualified immunity.[3] As explained below, Defendant Edler's arguments regarding dismissal of Count II are without merit because Defendant Edler is not entitled to qualified immunity. Thus, this Court should deny Defendant Edler's Motion to Dismiss.

### d.1   The First Amended Complaint has pleaded enough facts to establish that Defendant Edler was not acting within her discretionary authority.

To obtain the benefit of qualified immunity, Defendant Edler has the burden of showing that she was acting within the scope of her discretionary authority. *Vinyard*, 311 F.3d at 1346. However, Defendant Edler is unable to establish that her conduct giving rise to Plaintiff's § 1983 claims was within her discretionary authority, and the FAC alleges sufficient facts to establish that the conduct complained of was not within Defendant Edler's discretionary authority. Thus, Defendant's argument that dismissal is appropriate because she is entitled to qualified immunity is without merit.

Here, Defendant Edler relies on the wording of Section 401.265(1), Florida Statutes, specifically the language "The medical director must supervise and assume direct responsibility for the medical performance of the emergency medical technicians and paramedics . . ." to support her argument that she was performing a

---

[3] To the extent Defendant Edler relies on the arguments raised by the Board in its motion to dismiss, Plaintiff refers the Court to Plaintiff's response to the Board's Motion to Dismiss. [ECF No. 36].

discretionary function which entitles her to qualified immunity. However, Defendant Edler's reliance thereon is misplaced because this same Florida Statute, Section 401.265(1), specifically excludes administrative and managerial functions from Defendant Edler's authority, which includes the authority to discipline employees, including Plaintiff.[4] *See* Fla. Stat. § 401.265(a); [ECF No. 20, ¶ 42, Ex. A- Peppler Memo]. As ECBCC attorney Charlie Peppler noted in his memo relating to this matter, Defendant Edler did not have the authority to discipline Plaintiff because such actions are part of the managerial function which is specifically excluded from the duties of a medical director. *Id.* Additionally, Peppler's conclusions on Defendant Edler's authority are supported by Assistant County Attorney Kia M. Johnson, who found that, under Florida law, disciplinary functions are excluded from a medical director's authority, and is instead, the responsibility of the direct supervisor. *See* Email from Kia M. Johnson, attached hereto as Exhibit A.

Moreover, Defendant Edler should be estopped from asserting that she had discretionary authority to discipline or reprimand EMS employees as she took a contrary position in a separate lawsuit, to wit: *Rayme Edler v. Melissa Pino*, Case No. 2019-CA-001206 (Escambia County Circuit Court). Specifically, during a

---

[4] Section 401.265 makes clear that the medical director serves primarily as an expert in life support with job responsibilities limited to advising, consulting, training, counseling and overseeing of services, but not administrative and managerial functions. Fla. Stat. § 401.265

temporary injunction hearing on November 13, 2019, Defendant Edler testified, under oath, that she did not have broad discretion to exercise her powers and authority as medical director. Additionally, Defendant Edler testified that she did not have administrative or managerial authority, including that she did not have the authority to hire, fire, or reprimand anyone in her department. *See* Edler Deposition Transcript, attached hereto as Exhibit B. Thus, after considering Section 401.265, Florida Statutes, which specifically excludes administrative and managerial functions from Defendant Edler's duties, that the County's own attorney believes that Defendant Edler does not have the discretionary authority to discipline Plaintiff as she has done here, and that even Defendant Edler believed disciplining employees is not within her discretionary authority per her own sworn testimony, it is clear that Defendant Edler is unable to show that she (1) was performing a legitimate job-related function, (2) through means that were within her power to utilize. *See* *O'Rourke*, 378 F.3d at 1205. As such, the Court should find that Defendant Edler is not entitled to qualified immunity.

**d.2**   **The First Amended Complaint has pleaded enough facts to establish that Defendant Edler violated clearly established law.**

Even if the Court were to find that Defendant Edler was acting within her discretionary authority, the Court should find that Defendant Edler is not entitled to qualified immunity because her actions complained of in the FAC violated clearly established law. *See Gaines*, 871 F.3d at 1206. From the outset, State law will

determine the scope of Plaintiff's property interest in his employment and provide guidance on whether or not his property interest was clearly established. *See Bishop* 426 U.S. at 344-45. Florida law authorizes county governments to adopt their own rules and procedures, and to employ personnel to carry out their enumerated powers. Fla. Stat. § 125.01(1)(a), (3). The governing body of Escambia County, the ECBCC, has adopted rules and procedures which govern employee discipline. *See* [ECF No. 20, Ex. D- Escambia County Human Resources Policies and Procedures]. Additionally, ECBCC is subject to a collective bargaining agreement which identifies Plaintiff as an employee who is subject to termination or discipline only for cause. *See* [ECF No. 20, Ex. E- Collective Bargaining Agreement].

According to ECBCC's policies, Plaintiff was entitled to (1) written notice of the disciplinary action taken against him stating the nature of the action taken, the effective date, and the duration; (2) delivery of the notice by legal service of process; and (3) an opportunity to appeal. Escambia County Human Resources Policies and Procedures, 71-72. Additionally, ECBCC polices implement an escalating scale of discipline wherein termination is the final step. *Id.*; Peppler Memo. Accordingly, Plaintiff has a clearly defined property interest in his employment with ECBCC. *See Bishop v. Wood*, 426 U.S. 341, 345 (1976) (a claim of entitlement to a property interest must be decided by reference to state law, and "[a] property interest can . . . be created by ordinance, or by an implied contract.").

Having established that Plaintiff has a clearly established property interest in his employment with ECBCC and was entitled to the procedures above, there is no doubt that Defendant Edler was given fair warning that her conduct violated clearly established law when she disciplined Plaintiff without providing Plaintiff with a notice and opportunity to be heard, and when she created circumstances leading to Plaintiff's constructive discharge without notice and opportunity to be heard. *See Bryant v. Jones*, 575 F.3d 1281, 198 (11th Cir. 2009) ("Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job.").

Here, stated succinctly, the constitutional violation in this case was in failing to provide Plaintiff with a meaningful opportunity to be heard, either through a pre or post deprivation hearing, regarding Defendants' decisions to (1) permit Edler to fail or refuse to follow ECBCC's written policies; (2) demote Plaintiff and require him to comply with the PIP; (3) constructively discharge Plaintiff.[5] [ECF No. 20, ¶¶ 16, 19, 26, 31, 36, 82].

---

[5] Given that the Plaintiff was told by Defendants that the QA meeting was non-disciplinary, Plaintiff believes that he has a constitutional right to be heard when Defendant Edler tried to punish/reprimand the Plaintiff, which was 23 days after the QA meeting.  However, to the extent that the Defendants believe that the QA meeting would satisfy his constitutional rights, then Plaintiff contends that the QA meeting was insufficient as (1) he had a lack of notice of the meeting itself; (2) he was not provided any notice of the subject of the meeting, (3) he was told that the meeting was non-disciplinary, (4) the meeting did not follow the Boards policies

Further supporting Plaintiff's argument that Defendant Edler violated clearly established law is that while these circumstances played out, ECBCC's own representatives, including its legal counsel, clearly understood, and warned Edler that her conduct violated Plaintiff's due process rights. For example, in his memo dated May 31, 2019, Peppler noted his view that Edler's actions taken against Plaintiff amounted to employee discipline, that Edler was without authority to impose such discipline, and that Plaintiff had due process rights under the County's disciplinary policy, including appeal rights. [ECF No. 20, Ex A.- Peppler Memo]. Further, Spainhower's report, dated June 2019, concluded that "Mr. Selover was not afforded the type of due process required by [ECBCC] policy and union collective bargaining agreement . . . ." [ECF No. 20, Ex. B- Spainhower Report]. On July 12, 2019, Interim Public Safety Director Dosh emailed Edler directly and noted that Edler's continued intent to demote Plaintiff raised due process concerns because Edler's conduct failed to follow the County's progressive disciplinary policies. [ECF No. 20, Ex. C- Dosh Email to Edler]. Thus, you have three County officials, i.e., Peppler- County Attorney, Dosh- Interim Public Safety Director, and Spainhower- County HR Associate, all specifically admonishing Edler regarding due process

––––––––––––––––––

and procedures, and (5) the make-up of the QA board was improper.

concerns, and all specifically stating the words "due process" when expressing their concerns.

Nevertheless, Defendant Edler continued her efforts to impose discipline after being repeatedly admonished by her superiors regarding the clear due process violations. In fact, continuing her efforts to discipline Plaintiff, Edler refused to draft the PIP Dosh instructed her to draft, and she refused to allow Plaintiff to return to work even after Plaintiff completed the PIP. [ECF No. 20, ¶¶ 41, 58-59]. Thus, Defendant Edler's mere assertion that she did not violate clearly established law is without merit. Indeed, what could be more clear than multiple officials within the County, including the County's own legal counsel, stating in no uncertain terms that Edler did not have the authority to discipline Plaintiff, and that her continued insistence in demoting Plaintiff was a due process concern? Accordingly, Defendant Edler had fair, and repeated warning that her conduct violated Plaintiff's constitutional rights, nevertheless, she persisted in her course of action with the intent of disciplining, and ultimately discharging Plaintiff.

In support of her argument that she did not violate clearly established law, Defendant Edler attached a Declaratory Statement from the Florida Department of Health (DOH Declaratory Statement) offering a contrary interpretation of Fla. Stat. §401.265(1) than those offered by Peppler and Johnson. However, the Court should find that the DOH Declaratory Statement offered by Defendant Edler is not binding

here because, to the extent Defendant Edler asserts that the DOH Declaratory Statement authorizes her to discipline Plaintiff, such an interpretation would "enlarge, modify, or contravene" Section 401.265, Florida Statutes. *See McKenzie Check Advance of Fla., L.L.C. v. Betts*, 928 So.2d 1204, 1216 (Fla. 2006) ("We do not defer to an agency's interpretation that attempts to enlarge, modify, or contravene a statute.") (internal quotations omitted). The plain language of Section 401.265 clearly excludes administrative and managerial functions from a medical director's duties. Moreover, ECBCC's own legal counsel, Charlie Peppler and Kia Johnson specifically found that employee discipline is managerial in nature, and that Defendant Edler is not authorized to discipline Plaintiff. *See* [ECF No. 20, ¶ 42]; Exhibit B. Finally, the Section 401.265 makes clear that the medical directors' role is one of an expert, not management, with responsibilities limited to "advising, consulting, training, counseling, and overseeing of services . . .but not including administrative and managerial functions." Fla. Stat. § 401.265. Thus, the DOH Declaratory Statement is due no deference.

Additionally, Defendant Edler's reliance on Section 401.425(3)(a), Florida Statutes for support is misplaced. Section 401.425(3)(a) states: "There shall be no monetary liability on the part of, and no cause of action shall arise against any person, including any person acting as a witness, incident reporter to, or investigator for, an emergency medical review committee for any act or proceeding undertaken

or performed within the scope of the functions of any emergency medical review committee if such action is taken without intentional fraud or malice." Fla. Stat. § 401.425(3)(a). As noted by Defendant Edler, Florida Statues do not define the scope of qualified immunity, thus Section 401.425(3)(a) is of no relevance here, and merely confuses the issue. Nevertheless, to the extent the Court finds the statute instructive to the qualified immunity analysis in this case, the Court should find that Section 401.425(3)(a) would provide no immunity to Defendant Edler here.

Florida statutes would not provide Defendant Edler with immunity because (1) the discipline Defendant Edler imposed upon Plaintiff is not within the scope of the function of the emergency medical review committee. *See* [ECF No. 20, Ex. A-Peppler Memo]; Exhibit B. As noted in the Peppler Memo, and in Assistant County Attorney Johnson's email, disciplinary actions against an employee are managerial functions reserved for the County Administrator and Public Safety Director pursuant to Section 401.265(1), Florida Statues. And (2) Defendant Edler's actions were taken with malice. The Bouvier Law Dictionary defines Malice as "a state of mind in which a person acts in a manner intended to cause harm to someone or something or acts in a manner as a person would who intends harm but does so with no regard for the risk of harm being created, and has no valid justification or excuse for doing so."

This entire complaint began when Defendant Edler sought to impose discipline on Plaintiff not immediately after the QA meeting, but immediately after

Defendant Edler learned that Plaintiff lodged a complaint against her regarding the QA meeting- approximately 23 days after the meeting. The clear timeline of events laid out in the FAC demonstrates that Defendant Edler sought to impose discipline on Plaintiff in retaliation for him lodging a complaint against her, and then repeatedly failed to follow the due process warnings of County Officials Pepper, Spainhower, and Dosh. For example, at the conclusion of the QA meeting, the QA board did not recommend remediation, re-training, or performance improvement, but suddenly, after Edler learned of Plaintiff's complaint against her, she decided discipline was warranted. [ECF No. 20, ¶¶ 27, 31]. Thus, Defendant Edler's malicious intent to cause harm to Plaintiff without justification for doing so is clear. Accordingly, the Court should find that Defendant Edler is not entitled to qualified immunity.

**d.3     The FAC pleaded sufficient facts to plausibly infer that Defendant Edler violated Plaintiff's due process rights.**

To adequately state a claim under 42 U.S.C. § 1983 under Rule 8, the FAC need merely plead enough facts which plausibly show that Defendant Edler violated Plaintiff's constitutional rights, and that Defendant Edler's conduct was under the color of state law. *See West*, 487 U.S. at 49. Here, Defendant Edler largely relies on the Board's arguments regarding failure to state a claim, thus, Plaintiff will more

fully address the arguments in his response to the Board's motion to dismiss. Nevertheless, Defendant Edler has raised a point which merits discussion here.[6]

In her Motion, Defendant Edler asserts that Plaintiff has failed to state a claim regarding his due process allegations because Defendant Edler was not individually responsible for providing due process to Plaintiff. *See* Defendant Edler's Memorandum in Support of Motion to Dismiss [ECF No. 32, p. 18]. In doing so Defendant Edler relies on an unpublished Eleventh Circuit case. *See Watkins v. Cent. Broward Reg'l Park*, 799 Fed. Appx. 659, 667 (11th Cir. 2020). However, *Watkins* rationale does not apply here because there, the Eleventh Circuit specifically found that the defendant was not empowered to promulgate additional procedures or to alter rules, thus the defendant could not be responsible for failing to provide due process. *Id.*

Here, contrary to *Watkins*, the Board clearly authorized Defendant Edler to alter procedures as she flat out failed to comply with ECBCC's written policies and procedures, instead marching to the tune of her own drum, and she suffered no

---

[6] Moreover, Defendant Edler's reliance on the arguments raised by the Board in its Motion to Dismiss are misplaced to the extent Defendant Edler asserts that the FAC fails to state a cause of action because it fails to plausibly plead municipal liability. Municipal liability and individual liability under § 1983 are separate and distinct causes of actions with separate and distinct elements. *See Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994) (analyzing municipal liability under § 1983); cf. Davison v. Randall, 912 F.3d 666 (4th Cir. 2019) (analyzing individual liability under § 1983).

consequences from such conduct, i.e., ECBCC failed to take any disciplinary action to admonish and prevent Edler for her failure to comply with written policies and procedures, thereby ratifying her conduct, including the procedures, or lack thereof, implemented by Edler. Ultimately, it is Defendant Edler's failure and refusal to follow ECBCC's written policies, her insistence that Plaintiff be punished after she learned that he had filed a complaint against her, and the Board's acquiescence to Defendant Edler's conduct, and prolonged refusal to give Plaintiff notice and an opportunity to be heard which gives rise to this lawsuit.

Accordingly, Defendant Edler's argument is without merit.

## IV.   ATTORNEY'S FEES

Defendant Edler requests an award of attorney's fees pursuant to Section 401.425(6), Florida Statutes. However, Defendant Edler is not entitled to attorney's fees. As argued above, Defendant Edler's arguments for dismissal are without merit and due to be denied. Thus, Defendant Edler is not a prevailing party, and is not entitled to attorney's fees.

Second, Section 401.425 does not apply here, as that statute applies only to actions taken while performing services as a member of an emergency medical review committee. Fla. Stat. § 401.425(4). Here, while the story of this lawsuit began with the inappropriate QA meeting, it is Defendant Edler's actions as the Escambia County Medical Director in insisting on punishing Plaintiff without

following ECBCC's written policies well after the QA meeting, and only after she learned that Plaintiff had lodged a complaint against her, that gives rise to Plaintiffs lawsuit. Plaintiff's position is clearly supported by the fact that at the conclusion of the QA meeting, the QA board made no recommendations for remediation, re-training, or performance improvement. [ECF No. 20, ¶ 27]. It was not until after Defendant Edler learned of Plaintiff's complaint against her that she sought to discipline Plaintiff. [ECF No. 20, ¶ 31]. Thus, the QA meeting is not the basis of her liability, but instead, the basis of Defendant Edler's liability are her actions taken well after, and separate from the QA meeting which were punitive in nature and done as retribution for Plaintiff filing a Complaint against her.

Accordingly, even if Defendant Edler were to prevail, she is not entitled to attorney's fees pursuant to Fla. Stat. § 401.425(6), or any other stature, rule, or regulation.

## V.     WHISTLEBLOWER CLAIM

This claim is brought against ECBCC, and Defendant Edler in her official capacity, and not against Defendant Edler in her individual capacity.

## VI.    ALTERNATIVELY, PLAINTIFF REQUESTS THE OPPORTUNITY TO AMEND HIS COMPLAINT

Although Plaintiff believes the FAC adequately alleges liability against the Defendant Edler, should this Court find Plaintiff's Complaint defective in any way, Plaintiff respectfully requests leave to amend. Rule 15(a) of the Federal Rules of

Civil Procedure declares that leave to amend a complaint should be freely given by the Court when justice so requires. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded…"). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id.  "In the absence of any apparent…reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party… futility of amendment, etc. – the leave sought should, as the rules require, be freely given. "

Here, this case is in its preliminary stages, and the parties will suffer no prejudice by permitting amendment to Plaintiff's Complaint. While the original Complaint has been amended once, that amendment occurred subsequent to the Defendants removing this case to Federal Court. Accordingly, should the Court find that the FAC is defective for any reason, under the liberal standard for leave to amend, the Court should grant Plaintiff the opportunity to amend his Complaint. While Plaintiff believes the FAC satisfies the plausibility pleading standard, amendment would not be futile because Plaintiff would seek to add additional allegations such as the allegation raised above regarding Defendant Edler's statements about the scope of her authority as Medical Director in a separate lawsuit,

as well as the opinion of Assistant County Attorney Kia Johnson finding that employee discipline is not within the discretionary authority of Defendant Edler. *See* Exhibits A, B.

## VII.   CONCLUSION

Accordingly, for the foregoing reasons, this Honorable Court should find that the Defendant Edler's Motion to Dismiss is without Merit. Thus, Plaintiff respectfully requests that the Court deny Defendant Edler's Motion to Dismiss.

Alternatively, should the Court find that the FAC does not adequately allege claims against Defendant Edler in her individual capacity, then Plaintiff respectfully requests leave of Court to file an amended complaint.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
Fla. Bar No. 0154784

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

In accordance with N.D. Fla. Loc. R. 7.1(F), counsel for the Plaintiff hereby certifies there are 5,368 words in this Response in Opposition to Defendant Edler's Motion to Dismiss, not including the case style, signature blocks, or certificates.

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June 2020, a true and correct copy of the foregoing Response was furnished to counsel for the Defendant as listed below via CMC/ECF, E-Mail and U.S. Mail.

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.

## **SERVICE LIST**

Stephanie Pidermann, Esquire
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
sp@lydeckerdiaz.com
kg@lydeckerdiaz.com
ksm@lydeckerdiaz.com

Cecily L. Kaffer, Esq.
The Kullman Firm
P.O. Box 1287
Mobile, AL 36633
clk@kullmanlaw.com