# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION
### Case No.: 3:20cv4698-TKW/HTC

MATHEW SELOVER,

     Plaintiff,

v.

ESCAMBIA COUNTY BOARD
OF COMMISSIONERS, and
RAYME EDLER,

     Defendants.

_____

## DEFENDANT, ESCAMBIA COUNTY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Escambia County Board of County Commissioners ("Escambia" and/or "Defendant") hereby submits its Answer and Affirmative Defenses in response to Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure Rule 12(a)(1)(A)(i).

## PARTIES

1.    Escambia admits that Plaintiff was employed by Escambia County at all times material; however, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1 and therefore denies same and demands strict proof thereof.

2.      Escambia admits the allegations in Paragraph 2

3.      Escambia admits the allegations in Paragraph 3 to the extent that Dr. Edler resides in Florida and that she is employed by Escambia as its Medical Director. However, Escambia denies that Dr. Edler began serving as its Medical Director in April 2018—Dr. Edler began her employment on May 7, 2018.

4.      Escambia is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies same and demands strict proof thereof.

5.      Escambia admits that Plaintiff was employed by Escambia as a paramedic from February 2012 through April 9, 2020; however, Escambia denies the remaining allegations of Paragraph 5 and demands strict proof thereof.

6.      Escambia admits the allegations within Paragraph 6.

7.      Escambia denies the allegations within Paragraph 7 and demands strict proof thereof.

8.      Escambia admits the allegations within Paragraph 8.

## FACTUAL BACKGROUND

9.      Escambia admits the allegations within Paragraph 9.

10.     Escambia admits the allegations within paragraph 10 to the extent that Plaintiff could be only be terminated for cause pursuant to the collective bargaining

agreement.  As to the remaining allegations within Paragraph 10, Escambia denies same and demands strict proof thereof.

11.   Escambia admits Plaintiff claims he was advised by his colleague, Diana Chavers that Escambia County EMS employees Owens and Frando called in a false delay to have a smoke break.  As to the remaining allegations in Paragraph 11, Defendant denies same and demands strict proof thereof.

12.   Escambia is without sufficient knowledge or information to form a belief as to the truth of the allegations within Paragraph 12 as Plaintiff fails to identify who Plaintiff reported to and demands strict proof thereof.

13.   Escambia denies the allegations in Paragraph 13 as Plaintiff fails to identify and demands strict proof thereof.

14.   Escambia admits that on March 20,2019 Plaintiff reported to his superiors that Escambia County EMS employee Shawn Hoopaugh had made inappropriate sexual comments directed at another employee; however, Escambia denies that such comments were made.

15.   Escambia denies the allegations in Paragraph 15 and demands strict proof thereof.

## QUALITY ASSURANCE MEETING

16.   Escambia admits the allegations in Paragraph 16.

17.   Escambia admits the allegations in Paragraph 17.

18.     Escambia admits the allegations within Paragraph 18 to the extent that Plaintiff immediately contacted Escambia County Human Resources (HR) to discuss his concerns with attending the QA meeting, but denies the remaining allegations in Paragraph 18 and demands strict proof thereof.

19.     Escambia admits the allegations within Paragraph 19 to the extent that the Quality Assurance Meeting ("QA Meeting") was non-disciplinary and that Eric Kleinert contacted Plaintiff; however, as to the remaining allegations in Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore denies same and demands strict proof thereof.

20.     Escambia admits the allegations within Paragraph 20 to the extent that Plaintiff brought Ivey Lett to the QA Meeting as a witness; Escambia denies the allegations that Ms. Lett is a union representative and demands strict proof thereof.

21.     Escambia admits the allegations within Paragraph 21 to the extent the QA board was comprised of Defendant Edler, Hoopaugh, Captain Craig Ammons, Maddrey, and Bill Hopkins.  As to the remaining allegations of Paragraph 21, Defendant is without knowledge to form a belief as to the

22.     Escambia admits the allegations within Paragraph 22.

23.     Escambia admits the allegations within Paragraph 23.

24.     Escambia is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies same and demands strict proof thereof.

25.     Escambia denies the allegations in Paragraph 25 and demands strict proof thereof.

26.     Escambia admits the allegations within Paragraph 26.

27.     Escambia denies the allegations in Paragraph 27 and demands strict proof thereof.

## PLAINTIFF'S COMPLAINT FILED WITH HUMAN RESOURCES

28.     Escambia admits the allegations in Paragraph 28 to the extent that Plaintiff filed a complaint with Human Resources and that the QA Meeting concerned matters that Plaintiff was well aware of. However, Escambia denies the remaining allegations within Paragraph 28 and demands strict proof thereof.

29.     Escambia admits the allegations in Paragraph 29 to the extent that Plaintiff continued to work for Escambia after the QA Meeting in the same capacity as he did before the QA Meeting without any changes to his position, pay, benefits, or otherwise.

30.     Escambia admits the allegations in Paragraph 30.

31.     Escambia denies the allegations in Paragraph 31 and demands strict proof thereof.

32.     Escambia denies the allegations in Paragraph 32 and demands strict proof thereof.

33.     Escambia denies the allegations in Paragraph 33 and demands strict proof thereof.

34.     Escambia admits that on or about May 15, 2019 Plaintiff was advised he was not able to work as a paramedic under Edler's license.  As to the remaining allegations of Paragraph 34, Escambia denies same and demands strict proof thereof.

35.     Escambia denies the allegations in Paragraph 35 as Plaintiff was permitted to work as an EMT and Plaintiff did not suffer a reduction in rank, reduction in pay, abatement of benefits, and/or lose the opportunity to work overtime.

36.     Escambia denies the allegations in Paragraph 36 and demands strict proof thereof.

### DEFENDANT EDLER'S COMPLAINT TO THE FLORIDA DEPARTMENT OF HEALTH REGARDING PLAINTIFF

37.     Escambia admits the allegations in Paragraph 37.

38.     Escambia denies the allegations in Paragraph 38 and demands strict proof thereof.

39.     Escambia admits the allegations within Paragraph 39 to the extent that, based on information known to date, the Florida Department of Health has not completed its investigation of the complaint filed by Dr. Edler against Plaintiff;

Escambia denies the remainder of the allegations within Paragraph 39 and demands strict proof thereof.

## ESCAMBIA COUNTY'S INVESTIGATION AND PROCESSES

40.     Escambia admits the allegations in Paragraph 40.

41.     Escambia denies the allegations in Paragraph 41 and demands strict proof thereof.

42.     Escambia admits the allegations in Paragraph 42 to the extent that Coughlin asked the ECBOCC attorney, Charles Peppler, Esq., ("Peppler") for his opinion concerning the extent of authority by Dr. Edler under Florida law.  Escambia further admits that Peppler prepared a memo, a copy of which is attached to Plaintiff's First Amended Complaint as Plaintiff's Exhibit A. Escambia states that the document speaks for itself and therefore no response is needed.  To the extent a response in needed, Escambia denies any and all remaining characterizations, averments, allegations, and conclusions contained within Paragraph 42 and demands strict proof thereof.

43.     Escambia denies the allegations in Paragraph 43 and demands strict proof thereof.

44.     Escambia admits the allegations in Paragraph 44 to the extent that Edward Spainhower, an employee in Escambia's HR Department, was assigned to investigate the Plaintiff's Complaint against Edler.   Defendant further admits

Plaintiff complained to Spainhower about allegedly being disciplined. As to the remaining allegations in Paragraph 44, Escambia denies same and demands strict proof thereof.

45.   Escambia admits that in June 2019, Spainhower drafted a report. However, Escambia denies the allegations in Paragraph 45 to the extent that the report was not "on behalf of Defendant ECBCC" as it was a draft non-final report and had not been reviewed. Plaintiff admits a copy of the draft report is attached to Plaintiff's First Amended Complaint as Plaintiff's Exhibit B. Escambia states that the document speaks for itself and therefore no response is needed.  To the extent a response is needed, Escambia admits that the language cited in Paragraph 45 is an accurate citation of a portion of Exhibit B; however, Defendant denies any and all remaining characterizations, averments, allegations, and conclusions contained within Paragraph 45 and demands strict proof thereof.

46.   Escambia states that the document speaks for itself and therefore no response is needed.  To the extent a response is required, Escambia admits that the language cited in Paragraph 46 is an accurate citation of a portion of Exhibit B; Defendant denies any and all remaining characterizations, averments, allegations, and legal conclusions contained within Paragraph 46 and demands strict proof thereof.

LYDECKER | DIAZ
www.lydeckerdiaz.com

47.     Escambia states that the document speaks for itself and therefore no response is needed.  To the extent a response is required, Escambia admits the allegations within Paragraph 47.

48.     Escambia denies the allegations in Paragraph 48 and demands strict proof thereof.

49.     Escambia denies the allegations in Paragraph 49 and demands strict proof thereof.

50.     Defendant admits the allegations within the Complaint to the extent that Plaintiff was provided a copy of the Spainhower report on November 13, 2019. Escambia denies the allegations within Paragraph 50 to the extent that Spainhower's report was not a final report and therefore Plaintiff was not entitled to it.  Defendant is without sufficient knowledge or information to form a belief as to the number of times Plaintiff contacted HR and the County administrator and what response he received every time.

51.     Escambia denies the allegations in Paragraph 51 to the extent that Mr. Spainhower's report was a draft report and was not peer-reviewed and was not Escambia's final opinion on Plaintiff's allegations.  As to the remaining allegations in Paragraph 51, Escambia is without sufficient knowledge or information to form a belief as to what Plaintiff's thoughts were and thus, Escambia denies same and demands strict proof thereof.

52.     Escambia denies the allegations in Paragraph 52 of the Complaint and demands strict proof thereof.

53.     Escambia admits that Dr. Edler would not draft the PIP. Defendant admits a copy of an email dated July 12, 2019, to Edler is attached as Exhibit C to the First Amended Complaint. As to the remaining allegations in Paragraph 53, Escambia denies same and demands strict proof thereof.

54.     Escambia admits the allegations in Paragraph 54 to the extent that Mr. Salter drafted a Performance Improvement Plan ("PIP") for Plaintiff; Escambia denies the remainder of the allegations in Paragraph 54 and demands strict proof thereof.

55.     Escambia denies the allegations in Paragraph 55 and demands strict proof thereof.

56.     Escambia admits the allegations in Paragraph 56 of the Complaint.

57.     Escambia admits the allegations in Paragraph 57 to the extent that Plaintiff was to work under a Field Training Officer ("FTO") and the PIP was implemented in August 2019; however, Escambia denies the remainder of the allegations in Paragraph 57 and demands strict proof thereof.

58.     Escambia denies the allegations in Paragraph 58 and demands strict proof thereof.

59.     Escambia denies the allegations in Paragraph 59 and demands strict proof thereof.

60.     Escambia denies the allegations in Paragraph 60 and demands strict proof thereof.

61.     Escambia admits the allegations in Paragraph 61 to the extent according to the Escambia County Board of County Commissioners Human Resources policies (HR policies), Defendants are required to issue a Notice of Disciplinary Action in writing, which sets forth the nature of the allegations, the nature of the action to be taken, the effective date of the action, and if suspension, the duration thereof, and that such notice should be served upon the affected employee. Defendant further admits a copy of the Escambia County Human Resources Policy is attached to the First Amended Complaint.  However, as to the remaining allegations of Paragraph 61, Defendant denies same and demands strict proof thereof.

62.     Escambia denies the allegations in Paragraph 62 and demands strict proof thereof.

63.     Escambia admits the allegations in Paragraph 63 to the extent that Escambia may discipline Plaintiff only for just cause; Escambia denies the remainder of the allegations in Paragraph 63 and demands strict proof thereof.

64.   Escambia admits the allegations in Paragraph 64 to the extent that it has established harassment policies and procedures; Escambia denies the remainder of the allegations in Paragraph 64 and demands strict proof thereof.

65.   Escambia denies the allegations in Paragraph 65 and demands strict proof thereof.

66.   Escambia denies the allegations in Paragraph 66, including subparagraphs 66(a) through 66(c), and demands strict proof thereof.

67.   Escambia denies the allegations in Paragraph 67 and demands strict proof thereof.

68.   Escambia denies the allegations in Paragraph 68 and demands strict proof thereof.

## JANA STILL'S POST-HOC FINDINGS

69.   Escambia admits the allegations in Paragraph 69 to the extent that Ms. Still, who became Escambia's Human Resources Director in approximately November 2019, issued a final report concerning Plaintiff's complaint against Dr. Edler, concluding that Dr. Edler did not commit retaliation against Plaintiff and that Plaintiff should remain under the supervision of an FTO. Escambia denies the remainder of the allegations in Paragraph 69 and demands strict proof thereof.

70.   Escambia denies the allegations in Paragraph 70 and demands strict proof thereof.

71.    Escambia is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations in Paragraph 71 as Defendant is not aware of the information relayed or not relayed to the Plaintiff. Thus, Escambia denies same and demands strict proof thereof.

72.    Escambia admits the allegations in Paragraph 72 to the extent that Ms. Still issued her report regarding the allegations by Plaintiff against Dr. Edler after meeting with Selover and Dr. Edler.  As to the remaining allegations in Paragraph 72, Escambia denies same and demands strict proof thereof.

73.    Escambia denies the allegations in Paragraph 73 and demands strict proof thereof.

74.    Escambia denies the allegations in Paragraph 74 and demands strict proof thereof.

75.    Escambia admits that it did not conclude the investigation within 15 days.  As to the remaining allegations of Paragraph 75, Escambia same and demands strict proof thereof.

76.    Escambia denies the allegations in Paragraph 76 and demands strict proof thereof.

77.    Escambia admits that on April 9, 2020, Maddrey informed Selover he was not permitted to attend the supervisors meeting though he was permitted to

attend some supervisors' meetings. As to the remaining allegations in Paragraph 77, Defendant denies same and demands strict proof thereof.

## SANTA ROSA COUNTY

78.     Escambia admits the allegations in Paragraph 78 of the Complaint to the extent Plaintiff started working for Lifeguard part time in approximately August 2019. As to the remaining allegations within Paragraph 78, Escambia is without sufficient knowledge or information to form a reasonable belief as to the truth of the remaining allegations and therefore denies same and demands strict proof thereof.

79.     Escambia denies the allegations in Paragraph 79 and demands strict proof thereof.

80.     Escambia is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 80 and therefore denies same and demands strict proof thereof.

81.     Escambia denies the allegations in Paragraph 81 and demands strict proof thereof.

82.     Escambia denies the allegations in Paragraph 82 and demands strict proof thereof.

83.     Escambia is aware that Plaintiff has retained the Law Office of J.J. Talbott. However, Defendant is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore denies same and demands strict proof thereof.

### COUNT I—VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS (AGAINST DEFENDANT EDLER IN HER OFFICIAL CAPACITY AND ESCAMBIA)

84.     Escambia re-avers and incorporates by reference herein its responses to Paragraphs 1 through 83 as if fully set forth herein.

85.     Escambia denies the allegations in Paragraph 85 and demands strict proof thereof.

86.     The allegations within Paragraph 86 call for a legal conclusion, to which no response is required. However, to the extent that a response is required, Escambia admits that the language cited in Paragraph 86 is an accurate citation of a portion of the 14th Amendment of the United States.

87.     The allegations within Paragraph 87 call for a legal conclusion, to which no response is required. However, to the extent that a response is required, Escambia admits that the language cited in Paragraph 87 is an accurate citation of a portion of the referenced statute.

88.     Escambia denies the allegations in Paragraph 88 and demands strict proof thereof.

89.     Escambia denies the allegations in Paragraph 89 and demands strict proof thereof.

LYDECKER | DIAZ
www.lydeckerdiaz.com

90.     Escambia denies the allegations in Paragraph 90 and demands strict proof thereof.

91.     Escambia denies the allegations in Paragraph 91 and demands strict proof thereof.

92.     Escambia denies the allegations in Paragraph 92 and demands strict proof thereof.

93.     Escambia denies the allegations in Paragraph 93, including subparagraphs 93(a) through 93(j), and demands strict proof thereof.

94.     Escambia denies the allegations in Paragraph 94 and demands strict proof thereof.

95.     Escambia denies the allegations in Paragraph 95 and demands strict proof thereof.

96.     Escambia denies the allegations in Paragraph 96 and demands strict proof thereof.

97.     Escambia denies the allegations in Paragraph 97 and demands strict proof thereof.

98.     Escambia denies the allegations in Paragraph 98 and demands strict proof thereof.

99.     Escambia is aware that Plaintiff has retained the Law Office of J.J. Talbott.  However, Defendant is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore denies same and demands strict proof thereof.

Escambia denies each and every allegation not expressly admitted herein. To the extent the Court deems a response is required to the "WHEREFORE" paragraph of Plaintiff's First Amended Complaint, Escambia denies each and every such allegation contained in the WHEREFORE paragraph including subsections (a)-(f). Escambia further denies that Plaintiff is entitled to any of the relief requested in her "WHEREFORE" paragraph.

### COUNT II—VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS <u>(AGAINST DEFENDANT EDLER IN HER INDIVIDUAL CAPACITY)</u>

100.   Escambia re-avers and incorporates by reference herein its responses to Paragraphs 1 through 83 as if fully set forth herein.

101.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 101 and demands strict proof thereof.

102.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 102 and demands strict proof thereof.

103.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 103 and demands strict proof thereof.

104.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 104 and demands strict proof thereof.

105.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 105 and demands strict proof thereof.

106.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 106 and demands strict proof thereof.

107.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 107 and demands strict proof thereof.

108.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 108 and demands strict proof thereof.

109.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 109 and demands strict proof thereof.

110.   The allegations within Count II are not directed toward Escambia and thus, no response is required. However, to the extent that this Court warrants a response, Escambia denies the allegations in Paragraph 110 and demands strict proof thereof.

Escambia denies each and every allegation not expressly admitted herein. To the extent the Court deems a response is required to the "WHEREFORE" paragraph of Plaintiff's First Amended Complaint, Escambia denies each and every such allegation contained in the WHEREFORE paragraph. Escambia further denies that Plaintiff is entitled to any of the relief requested in her "WHEREFORE" paragraph.

**COUNT III—VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTANTIVE PROPERTY RIGHTS (AGAINST <u>DEFENDANT EDLER IN HER OFFICIAL CAPACITY AND ESCAMBIA</u>)**

COUNT III WAS DISMISSED BY THIS COURT ON JUNE 19, 2020.

As a result, no response is required to Paragraphs 111 through 126, including the Wherefore paragraph within Count III.

## COUNT IV—VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT SUBSTANTIVE PROPERTY RIGHTS (AGAINST DEFENDANT EDLER IN HER INDIVIDUAL CAPACITY)

COUNT IV WAS DISMISSED BY THIS COURT ON JUNE 19, 2020. In addition, Count IV is not directed towards Escambia. As a result, no response is required to Paragraphs 127 through 143, including the Wherefore paragraph within Count III.

## COUNT V—UNLAWFUL RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS (AGAINST DEFENDANT EDLER IN HER OFFICIAL CAPACITY AND ESCAMBIA)

COUNT V WAS DISMISSED BY THIS COURT ON JUNE 19, 2020. As a result, no response is required to Paragraphs 144 through 161, including the Wherefore paragraph within Count III.

## COUNT VI—UNLAWFUL RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS (AGAINST DEFENDANT EDLER IN HER INDIVIDUAL CAPACITY)

COUNT VI WAS DISMISSED BY THIS COURT ON JUNE 19, 2020. In addition, Count IV is not directed towards Escambia. As a result, no response is required to Paragraphs 162 through 171, including the Wherefore paragraph within Count III.

## COUNT VII—UNLAWFUL RETALIATION UNDER § 112.3187, FLA. STAT. (AGAINST DEFENDANT EDLER IN HER OFFICIAL CAPACITY AND ESCAMBIA)

172.    Escambia re-avers and incorporates by reference herein its responses to Paragraphs 1 through 83 as if fully set forth herein.

173.    The allegations within Paragraph 173, including subparagraphs 173(a) through 173(b), call for a legal conclusion, to which no response is required.

However, to the extent that a response is required, Escambia admits that the language cited in Paragraph 173 is an accurate citation of Section 112.3187, Florida Statutes.

174.   The allegations within Paragraph 174 call for a legal conclusion, to which no response is required. However, to the extent that a response is required, Escambia admits that the language cited in Paragraph 174 is an accurate citation of Section 112.3187, Florida Statutes.

175.   The allegations within Paragraph 175, including subparagraphs 175(a) through 175(b), call for a legal conclusion, to which no response is required. However, to the extent that a response is required, Escambia admits that the language cited in Paragraph 175 is an accurate citation of the Florida Public Whistleblower's Act, Section 112.3187, Florida Statutes. However, Defendant denies the allegations within Paragraph 175 (a)-(b) accurately reflect Section 113.3187, Florida Statutes.

176.   Escambia admits that Plaintiff was its employee; however, Escambia denies the remainder of the allegations in Paragraph 176 and demands strict proof thereof.

177.   Escambia admits that Plaintiff filed a complaint against Dr. Edler on May 1, 2019 regarding the QA meeting; Escambia denies the remainder of the allegations in Paragraph 177 and demands strict proof thereof.

178.   Escambia admits the allegations in Paragraph 178.

LYDECKER | DIAZ
www.lydeckerdiaz.com

179.   Escambia denies the allegations in Paragraph 179 and demands strict proof thereof.

180.   Escambia denies the allegations in Paragraph 180 and demands strict proof thereof.

181.   Escambia denies the allegations in Paragraph 181 and demands strict proof thereof.

182.   Escambia denies the allegations in Paragraph 182 and demands strict proof thereof.

183.   Escambia denies the allegations in Paragraph 183 and demands strict proof thereof.

Escambia is aware that Plaintiff has retained the Law Office of J.J. Talbott. However, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 99 and therefore denies same and demands strict proof thereof.

Escambia denies each and every allegation not expressly admitted herein. To the extent the Court deems a response is required to the "WHEREFORE" paragraph of Plaintiff's First Amended Complaint, Escambia denies each and every such allegation contained in the WHEREFORE paragraph including subparts (a)-(e). Escambia further denies that Plaintiff is entitled to any of the relief requested in her "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

Escambia submits the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Escambia asserts that Plaintiff has failed to demonstrate that he has a protected property interest in his employment such that he is entitled to procedural due process. Moreover, Plaintiff is not able to establish a deprivation of his property interest as he was never demoted, disciplined, or terminated.  Consequently, Plaintiff's cause of action as to Count I cannot be maintained against Escambia.

## SECOND AFFIRMATIVE DEFENSE

Escambia asserts that Plaintiff had sufficient notice of the QA Meeting because the matters discussed therein did not present any new information that Plaintiff was unaware of and the QA Meeting was non-disciplinary in nature. As such, Plaintiff was aware and had complete knowledge of the matters discussed at the QA Meeting and therefore cannot establish a due process violation.

## THIRD AFFIRMATIVE DEFENSE

Escambia asserts that Plaintiff had multiple opportunities to be heard. First, Plaintiff had an opportunity to be heard at the QA Meeting. Second, Plaintiff had appellate rights available to him under Escambia's Human Resources Policies and Procedures to be heard by the Merit System Protection Board. Third, Plaintiff had grievance and appellate rights under the Collective Bargaining Agreement between

Escambia and Union Local R5-325 (the "CBA"). However, Plaintiff failed to timely appeal pursuant to Escambia's Human Resources Policies and the CBA.

## FOURTH AFFIRMATIVE DEFENSE

Escambia asserts that a procedural due process violation is not complete "unless and until the state refuses to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) (quoting *Zinermon v. Burch*, 494 U.S. 113, 123 (1990)). Plaintiff was able to appeal the alleged adverse action against him to the Merit System Protection Board under Escambia's Human Resources Policies and Procedures and Plaintiff had grievance and appellate rights under the CBA. However, Plaintiff failed to exercise either of those rights before he voluntarily resigned his employment on April 9, 2020. Consequently, Plaintiff's cause of action as to Count I cannot be maintained against Escambia.

## FIFTH AFFIRMATIVE DEFENSE

Escambia asserts that it does not harbor, practice, or otherwise uphold any official policy that has resulted in an established pattern and practice of constitutional violations against similarly situated individuals as Plaintiff. Consequently, Plaintiff's cause of action as to Count I cannot be maintained under a theory of liability under 42 U.S.C. §1983 against Escambia.

## SIXTH AFFIRMATIVE DEFENSE

Escambia asserts that it does not harbor, practice, or otherwise uphold any unofficial custom that has resulted in an established pattern and practice of constitutional violations against similarly situated individuals as Plaintiff. Plaintiff cannot point to any alleged unofficial custom that was the moving force behind the alleged constitutional violations against him.

## SEVENTH AFFIRMATIVE DEFENSE

Escambia asserts that Dr. Edler is not the final policymaking authority on whether paramedics within her department are able to be demoted, be placed on administrative duty, or be terminated. Although Dr. Edler has authority to maintain the quality assurance standards within her department and determine which individuals are fit to work under her medical license, Dr. Edler lacks managerial authority to demote or otherwise discipline individuals such as Plaintiff. Consequently, Plaintiff's cause of action as to Count I cannot be maintained under a theory of liability under 42 U.S.C. §1983 against Escambia.

## EIGHTH AFFIRMATIVE DEFENSE

Escambia asserts that Plaintiff did not suffer any damages under § 112.3187 Fla. Stat., 42 U.S.C. 1983, and the United States Constitution because Plaintiff voluntarily resigned from his employment with Escambia on April 9, 2020. Moreover, while Plaintiff was employed with Escambia after the QA Meeting, he

did not sustain a reduction in pay, an abatement of benefits, or lose the opportunity to work overtime. Consequently, Plaintiff is not entitled to any of the available relief in § 112.3187(9), Fla. Stat.

## NINTH AFFIRMATIVE DEFENSE

Escambia asserts that Plaintiff did not suffer an adverse employment action under § 112.3187, Fla. Stat., because Plaintiff did not suffer a reduction in rank, reduction in pay, abatement of benefits, and/or lose the opportunity to work overtime during his employment with Escambia after the QA Meeting.

## TENTH AFFIRMATIVE DEFENSE

Escambia asserts that the alleged violations of law put forth by Plaintiff against Escambia do not rise to a "substantial and specific danger to the public's health, safety or welfare." § 112.3187(5)(a), Fla. Stat. In particular, the DOH complaint and Escambia's investigation into this matter establishes that Dr. Edler's decisions regarding Selover were not based on personal animus and the alleged violations do not present a danger to public health, safety, and welfare. In addition, Plaintiff's allegations are personal in nature and relate solely to his grievances against Dr. Edler.

## ELEVENTH AFFIRMATIVE DEFENSE

Escambia asserts that Plaintiff cannot maintain a cause of action against Escambia under § 112.3187, Fla. Stat. because Plaintiff failed to exhaust his

administrative remedies. *See* § 112.3187(8), Fla. Stat. (requiring that a plaintiff seek exhaust administrative remedies with the Florida Commission on Human Relations before the right to bring a civil action matures). Moreover, Plaintiff had two avenues with Escambia to appeal the alleged adverse action against him: (1) Appellate rights under Escambia's Human Resources Policies and Procedures; and (2) Grievance procedures under the Collective Bargaining Agreement between Escambia and Union Local R5-325. Plaintiff failed to use any of these options at his disposal and instead elected to initiate this litigation. Consequently, Plaintiff's Count VII cannot be maintained against Escambia.

## TWELFTH AFFIRMATIVE DEFENSE

Escambia asserts that it had legitimate, non-retaliatory reasons for placing Plaintiff on a PIP under the supervision of an FTO because since July 2018, Plaintiff had committed multiple errors while in the course and scope of employment resulting in non-compliances with his job duties, which resulted in the QA Meeting to educate Plaintiff on how he could improve his job performance. Plaintiff was placed on a PIP under the supervision of an FTO—while maintaining his rank, salary, benefits, and opportunity for overtime. Accordingly, Plaintiff was not subjected to any discipline as PIP plans are not disciplinary in nature.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Escambia did not violate the constitutional rights of the Plaintiff and even if they did violate Plaintiff's constitutional rights, his rights were not clearly established at the time of the alleged incident.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that any alleged adverse actions taken against Plaintiff were predicated upon grounds other than, and would have been taken absent, Plaintiff's exercise of rights protected by Section 112.3187, Florida Statutes as Plaintiff had issues concerning his job performance.   Defendant further states that all actions taken by Defendant with regard to Plaintiff were for legitimate, non-retaliatory, and non-pretextual reasons wholly unrelated in any causal manner with Plaintiff's alleged complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff cannot establish Escambia ratified Dr. Edler's actions and fails to identify a final policymaker that had the authority to ratify Dr. Edler's actions.  Accordingly, Plaintiff cannot establish municipal liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff's claims are time-barred, to the extent that Plaintiff's claims are based on acts that occurred prior to an applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that it has made good-faith efforts to prevent any retaliatory conduct by any employees and to promptly remedy any improper treatment of employees, and therefore is not subject to liability for the allegations contained within the Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As its Eighteenth Affirmative Defense, Defendant asserts that Plaintiff failed to mitigate any damages, and therefore recovery, if any, should be reduced accordingly. With respect to any claims for damages for medical and mental health care, Plaintiff's damages should be limited to the cost of Plaintiff's health insurance as a result of the Affordable Care Act. There is no "reasonable probability" that medical expenses above the annual premium should be incurred by any American for any medical treatment encompassed by 42 U.S.C. §18022(b)(1)(A)-(J). If Plaintiff did not purchase insurance pursuant to the Affordable Care Act, and was required to do so, then Plaintiff failed to mitigate his damages, and therefore, any medical expenses should be reduced accordingly.  With respect to any claims for lost wages/back pay, should discovery reveal that Plaintiff is not working or attempting to find employment, Defendant is entitled to a set off.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant asserts that it followed its policies and procedures regarding actions to take once the Medical Examiner determines that a paramedic can no longer work under their license.

***Defendant reserves the right to raise additional affirmative defenses as discovery may reveal necessary as allowed by this Court.***

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury as to all issues triable in this matter.

Respectively Submitted,

LYDECKER | DIAZ
Counsel for Escambia County
495 Grand Blvd.
Suite 206
Miramar Beach, FL
Telephone: (305) 416-3180

By:   */s/ Katie Gudaitis*
KATIE GUDAITIS, ESQ.
Florida Bar No: 106954
kg@lydeckerdiaz.com
STEPHANIE PIDERMANN, ESQ.
FBN: 60414
sp@lydeckerdiaz.com
IAN M. CORP, ESQ.
FBN: 1010943
imc@lydeckerdiaz.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on July 6, 2020. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

/s/ *Katie Gudaitis*
Katie Gudaitis, Esq.

## <u>SERVICE LIST</u>

**JEREMIAH J. TALBOTT, ESQ.**
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, FL 32503
PIE:jjtalbott@talbottlawfirm.com
S/E:civilfilings@talbottlawfirm.com
Phone: (850) 434-9200
*Attorneys for Plaintiff*

**CECILY L. KAFFER, ESQ.**
Pro Hac Vice
The Kullman Firm
Post Office Box 1287
Mobile, Alabama 36633
P: clk@kullmanlaw.com
*T: 251) 432-1811*
*Attorney for Rayme Edler*