**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**MATHEW SELOVER,**

**Plaintiff,**

**v.**                                              **Case No. 3:20cv04698-TKW-HTC**

**ESCAMBIA COUNTY BOARD**
**OF COMMISSIONERS** and
**RAYME EDLER,**

**Defendants.**
_____/

**ANSWER**

Defendant Rayme Edler ("Dr. Edler") answers Plaintiff's First Amended Complaint as follows:

1.      On information and belief, admitted.

2.      On information and belief, admitted.

3.      Admitted.

4.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies them.

5.      Admitted that Plaintiff was employed by Escambia County Board of County Commissioners as a paramedic at various times relevant to his First Amended Complaint.   Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 5, and on that basis denies them.

6.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies them.

7.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies them.

1

8.      Admitted.

9.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis denies them.

10.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies them.

11.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies them.

12.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies them.

13.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies them.

14.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis denies them.

15.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis denies them.

16.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies them.

17.      Admitted that on April 23, 2019, Dr. Edler convened a Quality Assurance pursuant to the Raymond H. Alexander, M.D., Emergency Medical Transportation Services Act." Fla. Stat.   §401.2101, et seq.   to review plaintiff's medical performance.

18.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis denies them.

19.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies them.

20.      Admitted that Ivey Lett attended the April 23, 2019, QA meeting.

21.      Admitted that the April 23, 2019, QA board included Dr. Edler, Commander Shawn Hoopaugh, Captain Craig Ammons, and Commander James Maddrey.

22.      Admitted.

23.      Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies them.

24.     Denied.

25.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis denies them.

26.     Admitted.

27.     Denied.

28.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis denies them.

29.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis denies them.

30.     Admitted that a meeting occurred on or around May 13, 2019, between EMS Chief Leon Salter, Interim Public Safety Director John Dosh, and Dr. Edler. Otherwise, denied.

31.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision. Otherwise, denied.

32.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision. Otherwise, denied.

33.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision. Otherwise, denied.

34.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision. Otherwise, denied.

35.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

36.     Denied.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40, and on that basis denies them.

41.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

42.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42, and on that basis denies them.

43.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

44.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44, and on that basis denies them.

45.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 45, and on that basis denies them.

46.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 46, and on that basis denies them.

47.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 47, and on that basis denies them.

48.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 48, and on that basis denies them.

49.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

50.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 50, and on that basis denies them.

51.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 51, and on that basis denies them.

52.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 52, and on that basis denies them.

53.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

54.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 54, and on that basis denies them.

55.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55, and on that basis denies them.

56.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis denies them.

57.     Denied.

58.     Denied.

59.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

60.     Denied.

61.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 61, and on that basis denies them.

62.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 62, and on that basis denies them.

63.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 63, and on that basis denies them.

64.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 64, and on that basis denies them.

65.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 65, and on that basis denies them.

66.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 66, and on that basis denies them.

67.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 67, and on that basis denies them.

68.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 68, and on that basis denies them.

69.     Admitted that after a full and thorough review of the facts and relevant authorities, Human Resources Director Jana Still determined that Dr. Edler was authorized to limit Plaintiff to performing basic life support, rather than advanced,

and to require that he work under supervision, and that Dr. Edler had not engaged in retaliation.  Otherwise, denied.

70.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70, and on that basis denies them.

71.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71, and on that basis denies them.

72.     Admitted that after a full and thorough review of the facts and relevant authorities, Human Resources Director Jana Still determined that Dr. Edler was authorized to limit Plaintiff to performing basic life support, rather than advanced, and to require that he work under supervision, and that Dr. Edler had not engaged in retaliation.  Otherwise, denied.

73.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73, and on that basis denies them.

74.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 74, and on that basis denies them.

75.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75, and on that basis denies them.

76.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 76, and on that basis denies them.

77.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 77, and on that basis denies them.

78.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 78, and on that basis denies them.

79.     Denied.

80.     Dr. Edler is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 81, and on that basis denies them.

81.     Denied.

82.     Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision.  Otherwise, denied.

83.     Paragraph 83 does not contain specific allegations of fact or liability against Dr. Edler which require a response from Dr. Edler.  However, to the extent

that any portion of paragraph 83 may be construed to assert, or is intended to assert, factual or legal conclusions which would operate to impose or implicate liability on the part of Dr. Edler, Dr. Edler denies same.

## Count I

84.    The Court has dismissed Count I against Dr. Edler; consequently, Dr. Edler is not required to respond to the allegations in paragraphs 84-99.

## Count II

100.    Dr. Edler adopts and incorporates herein her previous responses.

101.    Paragraph 101 does not contain specific allegations of fact or liability against Dr. Edler which require a response from Dr. Edler.  However, to the extent that any portion of paragraph 101 may be construed to assert, or is intended to assert, factual or legal conclusions which would operate to impose or implicate liability on the part of Dr. Edler, Dr. Edler denies same.

102.    Paragraph 102 does not contain specific allegations of fact or liability against Dr. Edler which require a response from Dr. Edler.  However, to the extent that any portion of paragraph 102 may be construed to assert, or is intended to assert, factual or legal conclusions which would operate to impose or implicate liability on the part of Dr. Edler, Dr. Edler denies same.

103.    Denied.

104.    Denied.

105.    Admitted that after the April 23, 2019, QA review, Dr. Edler limited Plaintiff to performing basic life support, rather than advanced, and required that he work under supervision. Otherwise, denied.

106.    Denied.

107.    Paragraph 107 does not contain specific allegations of fact or liability against Dr. Edler which require a response from Dr. Edler.  However, to the extent that any portion of paragraph 107 may be construed to assert, or is intended to assert, factual or legal conclusions which would operate to impose or implicate liability on the part of Dr. Edler, Dr. Edler denies same.

108.    Paragraph 108 does not contain specific allegations of fact or liability against Dr. Edler which require a response from Dr. Edler.  However, to the extent

that any portion of paragraph 108 may be construed to assert, or is intended to assert, factual or legal conclusions which would operate to impose or implicate liability on the part of Dr. Edler, Dr. Edler denies same.

109.   Denied.

110.   Denied.

In response to the unnumbered paragraph immediately following paragraph 110, Dr. Edler denies that plaintiff is entitled to any benefits, damages, or other relief of any type, amount, or nature whatsoever.

### Count III

The Court has dismissed Count III against Dr. Edler; consequently, Dr. Edler is not required to respond to the allegations of paragraphs 111-126.

### Count IV

The Court has dismissed Count I against Dr. Edler; consequently, Dr. Edler is not required to respond to the allegations of paragraphs 127-143.

### Count V

The Court has dismissed Count I against Dr. Edler; consequently, Dr. Edler is not required to respond to the allegations of paragraphs 144-161.

### Count VI

The Court has dismissed Count I against Dr. Edler; consequently, Dr. Edler is not required to respond to the allegations of paragraphs 162-171.

### Count VII

The Court has dismissed Count I against Dr. Edler; consequently, Dr. Edler is not required to respond to the allegations of paragraphs 172-184.

### DENIAL OF ALLEGATIONS NOT EXPRESSLY ADMITTED

To the extent that any paragraph or allegation contained in Plaintiff's First Amended Complaint has not been expressly admitted, denied, or otherwise specifically answered, it is hereby expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof as to any matter which must be established by Plaintiff, Dr. Edler sets forth her affirmative and other defenses, as follows:

### First Defense

Dr. Edler is protected from liability and suit under the doctrine of qualified immunity.

### Second Defense

Plaintiff's First Amended Complaint fails to state a claim on which relief may be granted and should therefore be dismissed under Rule 12(b)(6), *Fed.R.Civ.P.*

### Third Defense

Escambia County's Emergency Medical Service operates under the supervision of the Florida Department of Health, Bureau of Emergency Medical Services, within the statutory framework of the Raymond H. Alexander, M.D., Emergency Medical Transportation Services Act." Fla. Stat. §401.2101, et seq. ("EMTS Act"). The Department of Health has responsibility for issuing and reviewing medical licenses for emergency medical technicians and paramedics, like plaintiff. Dr. Edler is responsible for reviewing the performance of EMS personnel so that they operate within their scope of competence, including the April 23, 2019, quality review of Plaintiff's medical competence, subsequent report to the Department of Health, and consequent limitation of Plaintiff's medical performance. This Court lacks jurisdiction to determine plaintiff's medical competence and should abstain from deciding whether his medical performance was properly limited.

### Fourth Defense

As Medical Director, Dr. Edler was obligated to supervise and review plaintiff's medical performance, to conduct necessary quality reviews, and to report her concerns about Plaintiff's medical performance to the Florida Department of Health under the EMTS Act, and is immune from suit under Fla.Stat. §401.425.

### Fifth Defense

Plaintiff is unable to meet the legal requirements for the entry of declaratory and injunctive relief and his First Amended Complaint should be dismissed.

### Sixth Defense

Plaintiff cannot demonstrate that he has a protected property interest in his employment such that he is entitled to procedural due process.  Moreover, Plaintiff is not able to establish a deprivation of his property interest as he was never demoted, disciplined, or terminated.

### Seventh Defense

Dr. Edler is not the final policymaking authority on whether paramedics within her department are able to be demoted, be placed on administrative duty, or be terminated.  Although Dr. Edler has authority to maintain the quality assurance standards within her department and determine which individuals are fit to work under her medical license, Dr. Edler lacks managerial authority to demote or otherwise discipline individuals such as Plaintiff.  Consequently, Plaintiff's cause of action as to Count I cannot be maintained under a theory of liability under 42 U.S.C. §1983 against Escambia.

### Eighth Defense

Plaintiff had multiple opportunities to be heard with regard to his medical license.  Plaintiff had an opportunity to be heard at the QA Meeting.  Plaintiff had or will have an opportunity to be heard by the Department of Health.

### Ninth Defense

Plaintiff had multiple opportunities to be heard with regard to his County employment.  Plaintiff had appellate rights available to him under Escambia's Human Resources Policies and Procedures to be heard by the Merit System Protection Board. Plaintiff had grievance and appellate rights under the Collective Bargaining Agreement between Escambia and Union Local R5-325 (the "CBA").  However, Plaintiff failed to timely appeal pursuant to Escambia's Human Resources Policies and the CBA.

10

**Tenth Defense**

Plaintiff did not suffer a reduction in rank, reduction in pay, abatement of benefits, and/or lose the opportunity to work overtime during his employment with Escambia after the April 23, 2019, QA Meeting.

**Twelfth Defense**

Dr. Edler acted in good faith.

**Thirteenth Defense**

Dr. Edler had legitimate, non-discriminatory reasons for taking the actions complained of in the First Amended Complaint.

**Fourteenth Defense**

Each and every decision and action taken with respect to Plaintiff was based on legitimate, non-discriminatory factors, for which there can be no recovery in this action.

**Fifteenth Defense**

Plaintiff caused his own damages by resigning his employment.

**Sixteenth Defense**

Dr. Edler did not act with evil motive or intent or with reckless or callous indifference to Plaintiff's federally protected rights, and Plaintiff is not entitled to an award of punitive damages.

*/s/ Cecily L. Kaffer*

**Cecily L. Kaffer,**
pro hac vice
The Kullman Firm
A Professional Law Corporation

Post Office Box 1287
Mobile, Alabama 36633
Telephone: (251) 432-1811
clk@kullmanlaw.com

Attorney for Defendant Rayme Edler

## CERTIFICATE OF SERVICE

I certify that on July 8, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Katie Gudaitis
Stephanie Pidermann
Lydecker Diaz
495 Grand Blvd.
Miramar Beach, FL 32550
Telephone:  (305) 416-3180
kg@lydeckerdiaz.com
sp@lydeckerdiaz.com


J.J. Talbott
Law Office of Jerimiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Florida 32503
Telephone: (850) 437-9600
jjtalbott@talbottlaw.com

*/s/ Cecily L. Kaffer*
Cecily L. Kaffer