## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MATHEW SELOVER

    Plaintiff,

vs.

CASE NUMBER: 3:20-CV-4698-TKW-HTC

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.

_____/

### PLAINTIFF'S *RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND MEDIATION DEADLINE*

COMES NOW, the Plaintiff, MATHEW SELOVER, by and through the undersigned counsel, hereby Objects to Defendants' Joint Motion to Extend Mediation Deadline (Doc. 47), and in support thereof, states as follows:

1. On December 30, 2020, the Court granted the Parties' Joint Motion for Extension of Time which extended the discovery deadline, and all deadlines tied thereto, including the mediation deadline, by 45 days. (Doc. 43).

2. Thus, pursuant to the Court's Scheduling Order and the extension noted above, the Parties deadline to mediate this case was April 23, 2021, and the discovery deadline is May 24, 2021. (Doc. 25, Doc. 43).

3.  On April 23, 2021, Defendants filed a Joint Motion to Extend Mediation Deadlines to June 7, 2021. (Doc. 47).

4.  Federal Rule of Civil Procedure 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4).

5.  Here, Defendants argue that they have shown good cause because, according to Defendants, (1) they have attempted to schedule mediation by the April 23, 2021 deadline in good faith but have been unsuccessful; and, (2) mediation should be conducted after the discovery deadline. (Doc. 47, ¶¶ 10-12).

6.  Plaintiff objects to the relief requested by Defendants because Plaintiff has been attempting to schedule mediation since March 10, 2021 and the relief requested is contrary to the Scheduling Order in that the Scheduling Order requires the parties to mediate prior to the close of discovery.

7.  Here, Plaintiff needs Defendants' cooperation in (1) identifying available dates; and, importantly (2) blocking off potential dates while the attorneys confirm their clients' respective availabilities.

8.  Moreover, the Plaintiff has concerns that the extension requested by the Defendants does not provide a deadline to mediate the case and only allows for further delay.   The undersigned has requested that the parties

agree to a mediation date and include same in any motion, but that has

not been successful.

9.   Thus, in light of parties inability to set mediation, the  Plaintiff requests

that the Court Order all parties to get on the phone within 3 days of the

date of any Order and coordinate a mediation date to occur within 25

days of the date of said Order.

**WHEREFORE**, the Plaintiff, MATHEW SELOVER, respectfully requests

this Court DENY the Defendants Motion to Extend Mediation Deadline, and instead,

Order the Defendants to immediately schedule mediation as noted herein.

DATED: April 27, 2021

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
Florida Bar No. 0154794
TRAVIS P. LAMPERT, ESQ.
Florida Bar No. 0099843
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL  32503
(850) 437-9600 / (850) 437-0906 (facsimile)
*Attorneys for Plaintiff*
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of April, 2021 a true and correct

copy of the foregoing Response was furnished to counsel for the Defendants as listed below via CMC/ECF.

*s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.

## SERVICE LIST

Stephanie Pidermann, Esquire
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
sp@lydeckerdiaz.com
kg@lydeckerdiaz.com
ksm@lydeckerdiaz.com


Cecily L. Kaffer, Esq.
The Kullman Firm
P.O. Box 1287
Mobile, AL 36633
clk@kullmanlaw.com