UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATHEW SELOVER

    Plaintiff,

vs.                                                     CASE NUMBER: 3:20-CV-4698-TKW-HTC

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS and
RAYME EDLER,

    Defendants.
_____/

**<u>PLAINTIFF'S *RESPONSE IN OPPOSITION TO DEFNDANT EDLER'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND EXPERT DEADLINES*</u>**

COMES NOW, the Plaintiff, MATHEW SELOVER, by and through the undersigned counsel, and hereby Objects to Defendant Edler's (in her individual capacity) Motion to Modify Scheduling Order to Extend Expert Deadlines (Doc. 48), and in support thereof, states as follows:

1. The Complaint in this matter was filed in state court on January 17, 2020 and removed to this Court on March 11, 2020.

2. On April 29, 2020, the parties submitted a Joint Report of Party Planning Meeting which outlined the various discovery deadlines.

3. The Court essentially adopted the parties request. Under the Court's April 30, 2020 Scheduling Order, Plaintiff's expert disclosure deadline was January 8, 2021 while Defendants' expert disclosure deadline was February 22, 2021, and the discovery cut off was April 8, 2021. (Doc. 25).

4. On or about March 13, 2020, Plaintiff served his initial discovery which included request for information concerning expert witnesses, including the identity of any such witnesses, their qualifications, the subject matter on which they intend to testify as an expert, the substance, facts and opinions to which they expect to testify, and a summary for the grounds of each expert opinion. On or about June 8, 2020, Defendant Edler responded to said discovery and indicated that she has not yet determined whether she will call any expert witnesses at trial. To date, Defendant Edler has not amended this discovery to disclose or provide information on her choice of experts.

5. Pursuant to an agreement between the parties, and Joint Motion, on December 30, 2020, the Court amended the Scheduling Order to extend deadlines by 45 days, making Plaintiff's expert disclosure deadline February 22, 2021, and Defendants' expert disclosure deadline April 8, 2021. (Doc. 43)

6. Plaintiff timely and fully disclosed to Defendants his expert on February 22, 2021.

7. Defendant Escambia County Board of County Commissioners (ECBCC) disclosed an expert on April 9, 2021 to rebut Plaintiff's expert.

8. Thereafter, Edler contacted the Plaintiff and requested an extension to disclose her experts.  By agreement, Plaintiff provided Defendant Edler an additional two (2) week extension on her expert disclosure deadline, making April 23, 2021, the new deadline.

9. On April 23, 2021, Defendant Edler filed the instant motion requesting another extension until May 7, 2021 in which to make her expert disclosures.

10. Defendant Edler's Motion, and her responses to discovery, fail to identify any potential expert, fail to state whether Defendant Edler intends to disclose more than one expert, and fail to identify in any way what areas her expert is likely to offer an opinion.

11. On April 28, 2021, Defendant Edler's counsel, by email, and for the first time, indicated that she intends to disclose an expert to testify as to

the scope of a medical director's authority under Florida law.[1] In neither her Initial Disclosures, nor her responses to interrogatories, has Defendant Edler provided any indication that she intended to call such a witness.

12. Plaintiff objects to the relief requested by Defendant and request the Count deny Defendant Edler's Motion and deny her request to use expert testimony for several reasons.

13. In her motion to extend the deadline to disclose her expert, the Defendant cites Federal Rule of Civil Procedure, 16(b)(4) and contends that the discovery schedule may be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). Defendant Edler asserts as good cause that "Edler could not meet the deadline, despite the exercise of due diligence[,]" and nothing more. (Doc. 48, ¶ 2).

14. Plaintiff contends that the Defendant has not established "good cause" and that "good cause" does not exist to extend the expert disclosure deadline.

---

[1] The Defendant disclosed this information in response to an email from the Plaintiff's counsel asking for more information concerning the subject area that she wanted an expert to testify. Specifically, the Plaintiff had previously dismissed his claim for compensatory and punitive damages against Defendant Edler, in her individual capacity, and wanted to make sure that she was not asking for additional time to address issues of damages, as those issues were not applicable to Defendant Edler in her individual capacity.

15. This case has been pending in Federal Court since March 2020. Plaintiff has conducted discovery expeditiously and within the Court's scheduling Order, including serving and responding to written discovery, scheduling depositions, and making expert disclosures.

16. Defendant ECBCC, though a day late, has made its expert disclosure, disclosing only a rebuttal witness to Plaintiff's expert.

17. To this point, but for the deposition of the Plaintiff's expert, Defendant ECBCC and Defendant Edler have called for only one (1) deposition, the Plaintiff's, and served modest written discovery.

18. Thus, there is simply no explanation as to why during the pendency of this action Defendant Edler has not been able to disclose her expert witness, especially considering that the Scheduling Order has already been amended one time (extending the expert disclosure deadline by an additional 45 days) and when Plaintiff already agreed to give Defendant Edler an additional 14 day extension on top of that.

19. Likewise, the issue as to the scope of the Defendant Edler's duties under Florida law is not new and has been at issue since the beginning of the case when the Defendant filed her Motion to Dismiss and alleged that she was entitled to qualified immunity.

20. Again, in her Motion, Defendant Edler does not even attempt to offer a justification for modification of the scheduling order which meets the "good cause" standard, but instead merely offers "Edler could not meet the deadline, despite the exercise of due diligence." (Doc. 48, ¶ 2).

21. The lone assertion of "due diligence" is insufficient to show good cause. See e.g., Target Corp. v. LCH Pavement Consultants, 960 F. Supp. 2d 999, 1007-08, 10 (D. Minn. 2013), *aff'd*, 2013 U.S. Dist. LEXIS 155340 (D. Minn. Oct. 30, 2013) (Denying motion to amend complaint where Target alleged due diligence, but failed to explain why it could not have asserted its claims previously); see also Tingley Sys. v. Healthlink, Inc., 2007 U.S. Dist. LEXIS 34021, *7-9 (M.D. Fla. May 9, 2007) (overruling the plaintiff's objections to the magistrate's order denying motion to extend expert disclosure deadline and motion to extend case management deadlines where the plaintiff's counsel had not spoken to an expert about any issues in the case).

22. Moreover, Defendant Edler has wholly failed to establish that she has acted with due diligence in the first place, as evidence by her complete lack of an explanation for her inability to disclose her expert even though this case has been pending for well over a year.

23. In fact, the evidence shows that the Defendant Edler has not acted with due diligence and she cannot explain why she was not able to disclose her expert after a year of litigation and after two (2) extensions of the expert disclosure deadline.

24. Additionally, Plaintiff will suffer irreparable harm because Defendant Edler's proposed expert disclosure deadline will leave Plaintiff with only 17 days (just 11 business days), in which to review the expert disclosure, including investigating the expert and their contentions, and schedule and conduct a deposition before the discovery cut off, which is May 24, 2021.

25. To address this concern, Defendant Edler proposes extending Plaintiff's deadline to take her expert's deposition to June 7, 2021, but that proposal is insufficient because it merely delays this case when numerous extensions have already been granted; further, as Plaintiff just learned the topic that Defendant Edler intends her expert to testify on April 28, 2021, four days after Defendant Edler's deadline had already expired, Defendant Edler's proposal leaves Plaintiff no time to conduct any additional discovery which may be necessary.

26. Plaintiff and Defendant ECBCC have complied with their obligations under the Amended Scheduling Order, and Plaintiff is entitled to move his case forward and complete discovery.

27. Given that the Defendant Edler has failed to show "good cause" why her Motion should be granted, and failed to show that she acted with "due diligence," the Court should deny the relief requested in Defendant Edler's Motion.

**WHEREFORE**, the Plaintiff, MATHEW SELOVER, respectfully requests this Court DENY Defendant Edler's Motion to Modify Scheduling Order to Extend Expert Deadline.

DATED: April 30, 2021

        Respectfully submitted,

        */s/ Travis P. Lampert*
        TRAVIS P. LAMPERT, ESQ.
        Florida Bar No. 0099843
        Talbott, Lampert & Stoner, PA
        900 East Moreno Street
        Pensacola, FL  32503
        (850) 437-9600 / (850) 437-0906 (facsimile)
        *Attorneys for Plaintiff*
        travis@talbottlawfirm.com
        civilfilings@talbottlawfirm.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 30th day of April, 2021 a true and correct copy of the foregoing Response was furnished to counsel for the Defendants as listed below via CMC/ECF.

                                             *s/ Travis P. Lampert*
                                             TRAVIS P. LAMPERT, ESQ.

## SERVICE LIST

Stephanie Pidermann, Esquire
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
sp@lydeckerdiaz.com
kg@lydeckerdiaz.com
ksm@lydeckerdiaz.com


Cecily L. Kaffer, Esq.
The Kullman Firm
P.O. Box 1287
Mobile, AL 36633
clk@kullmanlaw.com